[Crim. No. 15141.   Second Dist., Div. One.   Sept. 11, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. COLONEL BOLT, Defendant and Appellant.

Albert D. Silverman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Larry Ball, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction on three counts of robbery.

In an information filed in Los Angeles on May 26, 1967, Colonel Bolt was charged in count 1 with robbing Albert Judson and Rapid Transit District of personal property on or about March 16, 1967; in count 2 with robbing Donald Robinson and Rapid Transit District of personal property on or about April 10, 1967; and in count 3 with robbing Frank Huizar and Rapid Transit District of personal property on or about April 28, 1967. It was further alleged in each count that Bolt, at the time of the commission of the offense therein charged was armed with a revolver. Defendant pleaded not guilty. The cause was heard before a judge without a jury. Defendant was found guilty as charged in each count, the robbery in each instance was found to be in the first degree and defendant was sentenced to the state prison. A timely notice of appeal was filed.

A résumé of some of the facts is as follows: Albert Judson on March 16, 1967, at about 10 p.m. and thereafter was a bus operator for the Southern California Rapid Transit District (hereafter referred to as Transit District). At about 10:15 p.m. at 52d Street and Long Beach in Los Angeles, Bolt entered the bus and said: ''This is a holdup. Give me all your money.'' Judson in response to the demand unlocked the money changer, removed the paper money from his shirt pocket and handed the money to Bolt who at the time wielded a revolver. Bolt took about $70 from Judson's person. Bolt was positively identified by the driver as being the robber.

Donald Robinson, a bus operator for the Transit District, was on duty at about 7 p.m. on April 10, 1967, at or near 82d Street and San Pedro Street. Bolt robbed Robinson at that time of about $24. Bolt was armed with a revolver. Bolt was positively identified as being the robber.

Frank Huizar, a bus operator for the Transit District, on duty at about 7:40 p.m. on April 28, 1967, at the corner of 69th Street and Broadway, was robbed by Bolt of certain money and a coin changer. Bolt wielded a gun during the robbery. Bolt was positively identified as being the robber.

Appellant now asserts that the lineup procedure and the subsequent photograph display in which he was identified by each of the drivers were improperly staged and that the evidence was insufficient to support the judgment. There is no merit to either of appellant's contentions.

The record discloses that each driver positively identified appellant in court as the man who had robbed him. Appellant

makes no showing which in anywise links the lineup, or the photographs to the in-court identification.

Appellant apparently places great reliance on what is said in *People* v. *Caruso,* 68 Cal.2d 183 [65 Cal.Rptr. 336, 436 P.2d 336]. The facts of the case at hand and the facts in *Caruso* are in nowise similar. There is no showing in the case at bench to the effect that there was any improperly suggestive photographic or other display upon the part of the police. ▮ In *Simmons* v. *United States,* 390 U.S. 377, 384 [19 L.Ed.2d 1247, 1253, 88 S.Ct. 967], it is appropriately stated: ". . . we hold that *each case must be considered on its own* facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground *only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial* likelihood of irreparable misidentification." (Italics added.)

▮ A reading of the record indicates clearly that in each instance the driver of the bus was held up by appellant; that he, Bolt, had a gun and in each instance demanded the money which the driver possessed. He, Bolt, apparently made a definite impression on the drivers in the respective holdups and each of the drivers identified Bolt in court as the man who had robbed him on the occasion indicated. The identification in court was clearly not the result of any alleged illegal lineup or photographic display.

No useful purpose would be served in restating the evidence with reference to the contention that the evidence is insufficient to support the judgment. We view the record as an appellate court. See *People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].

▮ The matter of the credibility of the witnesses is for the trial judge's determination and not for this court. (See *People* v. *Johnson,* 136 Cal.App.2d 665, 672 [289 P.2d 90]; *Voss* v. *Friedgen,* 141 Cal.App.2d 135, 137 [296 P.2d 424]; *Stedman* v. *Stedman,* 179 Cal. 288, 290 [176 P. 437].)

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.