[Crim. No. 14594.    Second Dist., Div. One.    Sept. 26, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. LEONARD WILSON, Defendant and Appellant.

Phillip J. Catanzaro, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of robbery in the first degree.

In an information filed in Los Angeles on April 18, 1967, Charles David Lewis, whose correct name is Leonard Wilson (appellant herein) was charged with codefendant William John Reynolds in count 1 with the robbery of Father Donald Nylund on March 20, 1967; in count 2 the codefendants were charged with kidnaping for the purpose of robbery in that

they did kidnap Sister Bernardine on March 20, 1967; in count 3 the codefendants were charged with kidnaping Father Nylund on March 20, 1967; in count 4 the codefendants were charged with kidnaping Sidnoie Boyer for the purpose of robbery on March 20, 1967; in count 5 the codefendants were charged with kidnaping Nancy Declouette for the purpose of robbery on March 20, 1967; and in count 6 with kidnaping Margaret Elwood for the purpose of robbery on March 20, 1967. In each count it was further charged that at the time of the commission of the offense each defendant was armed with a deadly weapon namely, a pistol.

Each defendant pleaded not guilty. On September 15, 1967, the cause came on for hearing. It was stipulated that the matter as to count 1 could be submitted on the testimony contained in the transcript of the proceedings had at the preliminary hearing, each side to offer additional evidence if so minded, further that the court could find upon the issues of degree and as to whether defendants were armed as charged. The court found Wilson guilty as charged in count 1 and that the robbery was in the first degree. Wilson was sentenced to the state prison. The remaining counts were dismissed. A timely notice of appeal was filed by Wilson.

A résumé of some of the facts is as follows: At about 9:30 a.m. on March 20, 1967, the codefendants went to the St. Agnes Church on West Adams Boulevard and asked Sister Bernardine to get a priest to bring Holy Communion to a dying grandmother of one of the men. She contacted Father Nylund to assist and he came to the room where the men were seated. After a short discussion with reference to the address to which Father Nylund was to go, the men got up and pulled out their guns. Appellant came over to Father Nylund, shoved the gun in his side and said: ''Come on, now, out, out, out.'' Father Nylund moved slowly for fear the gun might go off. Nancy Declouette appeared and seemingly thought it was a joke when appellant pointed the gun at her. She was assured that it was for real and she then obeyed the directions of appellant. The codefendants were looking for money and announced with a gun at the neck of Miss Declouette, to the effect that if anyone in the household brought forth any firearm Miss Declouette would be shot. Father Nylund then decided to open the safe which was upstairs. Appellant had a gun at the back of Father Nylund while they were going up the stairway. Father Nylund opened the safe and the robbers took about $1,700. The codefendants were Negroes. Sister Ber-

nardine attended two lineups and identified each of the codefendants. She had also picked out their photographs. Father Nylund attended two lineups and identified each of the codefendants. The codefendants were positively identified in court as being the robbers in question. Both Sister Bernardine and Father Nylund got lengthy looks at appellant and nothing they or either of them stated was improbable or incredible.

Appellant now asserts that the identification of him by Sister Bernardine and Father Nylund was insufficient.

Robbery can be proved by one eyewitness (*People* v. *Reese*, 220 Cal.App.2d 143, 145 [33 Cal.Rptr. 561]) and it was not necessary for the prosecution to have called everyone to testify who could have testified with reference to codefendants' identification. Had the kidnaping charges been tried, other witnesses might have been called under those circumstances. The charges contained in counts 2, 3, 4 and 5 were dismissed "in the interests of justice." (See also *People* v. *Blackburn*, 260 Cal.App.2d 35, 42-43 [66 Cal.Rptr. 845]; *People* v. *Pacheco*, 258 Cal.App.2d 800, 806-807 [66 Cal. Rptr. 142].)

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.