[Crim. No. 15460.   Second Dist., Div. One.   Mar. 28, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES RONALD HUGHES, Defendant and Appellant.

Josef Dubiel, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Suzanne E. Graber, Deputy Attorney General, for Plaintiff and Respondent.

THOMPSON, J.—Appellant was accused in an information of robbery (Pen. Code, § 211), a felony, and of possessing a dangerous drug (methedrine) in violation of Health and Safety Code section 11910, a misdemeanor. He pleaded not guilty and not guilty by reason of insanity, and subsequently withdrew the latter plea. Appellant was convicted of robbery in the second degree and sentenced to state prison. He was also convicted of drug possession and on that count was sentenced to time already served in the county jail. Appellant does not challenge the misdemeanor conviction, but appeals from the conviction and denial of his motion for a new trial on the robbery count.[1]

The grounds of appeal are that: (1) unfair pretrial identification of appellant so tainted an in-court identification as to deprive him of due process of law; and (2) the evidence was insufficient to support the robbery conviction.

The record discloses the following facts. Ellis Rayburn, the

---

[1]There seems no basis on which appellant could successfully attack his conviction on count II since he admitted his guilt in court. His counsel has made a sound tactical decision in not attempting to do so while reserving his fire for the more serious conviction on count I.

attendant at a Covina service station, was washing the station lot with a hose at about 4:30 a.m. on November 23, 1967. The area was lighted sufficiently to permit recognition of the features of anyone present. Rayburn was approached by a man who drew a gun, cocked it, and said he wanted the money out of the "dog house," the stand where it was kept. Rayburn handed the cash to the robber.

The next day, Rayburn was shown five photographs by a Covina police officer who told him they were suspects. Rayburn selected appellant's photograph the first time he went through the pictures, replaced it, and went through them four or five more times. Finally, he again chose appellant's picture and said he was almost positive that the picture was that of the man who robbed him. Under cross-examination at the trial, he admitted he had "some doubt" as to the robber's identity when he selected appellant's photograph.

A few days later, Rayburn selected appellant from a lineup of eight men, all of whom appeared to be of average height and weight, but none of whom were thinner than appellant.[2] They all wore blue shirts and blue pants.

At the trial, Rayburn identified appellant as the robber. Defense counsel did not object or seek *voir dire* examination concerning the conditions of pretrial identification.

Appellant's defense was that he was asleep at his mother's home in Covina at the time of the robbery. His mother and sister testified in corroboration of that defense although neither purported to have seen appellant near the time of the robbery.

### IDENTIFICATION

██ Appellant argues that his identification from photographs and at the lineup prior to trial was unfair within the rule of *People* v. *Caruso,* 68 Cal.2d 183 [65 Cal.Rptr. 336, 436 P.2d 336], and so tainted the in-court identification as to deny him a fair trial. His argument is that the victim having had "some doubt" as to the validity of his identification after viewing the photographs, the police were precluded from conducting a lineup. That argument is based on the assertion that the mere fact of the victim having examined the photos might color his judgment. To so hold would constitute an unreasonable extension to the rule of *Caruso.*

The vice inherent in the pretrial identification in cases such as *People* v. *Caruso, supra,* and *People* v. *Pedercine,* 256 Cal.

---

[2] Appellant was advised of his right to counsel at the lineup. At trial his counsel stated there was no "Wade" issue.

App.2d 328 [63 Cal.Rptr. 873], consists of a composition of persons at a lineup or of photographs which suggest to the witness that of the persons viewed only the defendant could be the guilty party. That vice was not present here. There is no intimation that the other persons present at the lineup (or the other photos) were of similar description to each other but grossly dissimilar to appellant. Nor is there any contention that only appellant fits the broad generalities of the description of the robber. To the contrary, the process employed by the investigating officers permitted Rayburn to confirm or discount an "almost positive" identification made by him from a fairly assembled set of photographs at a fairly conducted lineup. That process represents a proper discharge of duty by the police. (See *People* v. *Bolt*, 265 Cal.App.2d 614 [71 Cal. Rptr. 511].)

■ There are two other bases upon which appellant's argument must be rejected. Rayburn, when questioned at trial, stated that he became positive in his identification when he saw appellant at the lineup based upon his observation at the time of the robbery and totally without regard to his examination of the photographs. The adverse effect of any assumed defect in the photo identification was vitiated by this testimony. (*People* v. *Caruso*, 68 Cal.2d 183, 189 [65 Cal.Rptr. 336, 436 P.2d 336].) ■ Of equal importance, no issue concerning the pretrial identification was raised in the trial court. To permit appellant to raise it now under circumstances where further examination of witnesses at trial might have satisfied any deficiency in the record is to allow him to gamble on the results of the trial while inviting error. Such tactics are not permitted. (Witkin, Cal. Criminal Procedure (1963) Reversible Error, § 747.)

### SUFFICIENCY OF THE EVIDENCE

■ Recognition of the function of a reviewing court requires that we reject appellant's contention that the evidence is insufficient as a matter of law to support the judgment. While appellant argues that Rayburn's identification of him was weak because he "did not even notice the color of the robber's eyes," there is in the record the inescapable fact of in-court eyewitness identification. That alone is sufficient to sustain the conviction. (*People* v. *Wilson*, 266 Cal.App.2d 106, 108 [71 Cal.Rptr. 815].) ■ It is for the trier of fact and not this court to determine the credibility of witnesses.

(*People* v. *Pearson,* 70 Cal.2d 218, 220 [74 Cal.Rptr. 281, 449 P.2d 217].)

The judgment is affirmed. The appeal from the order denying a new trial is dismissed.

Wood, P. J., and Lillie, J., concurred.