Filed 10/2/13  In re Armando G. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re ARMANDO G., a Person Coming Under the Juvenile Court Law. | B247605 (Los Angeles County Super. Ct. No. VJ39072) |
| THE PEOPLE OF THE STATE OF CALIFORNIA, Plaintiff and Respondent, v. ARMANDO G., Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Philip K. Mautino, Judge.  Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Lawrence M. Daniels and Connie H. Kan, Deputy Attorneys General, for Plaintiff and Respondent.

Minor and appellant Armando G. (minor) appeals from a judgment of the juvenile court entered after the court found that minor had committed a robbery. He contends that evidence of identification, force, and fear was insufficient to support the judgment. We reject minor's contention, find that substantial evidence supports the juvenile court's findings, and affirm the judgment.

## BACKGROUND

Minor had previously been made a ward of the juvenile court under three sustained petitions. On February 8, 2013, a petition was filed to bring minor within the jurisdiction of the juvenile court pursuant to Welfare and Institutions Code section 602. The current petition alleged one count of second degree robbery in violation of Penal Code section 211. At the adjudication and disposition hearing, the juvenile court heard testimony, found the allegation true, and sustained the petition. The court ordered minor to remain a ward of the court on the same terms and conditions of probation as previously imposed, removed him from the custody of his parents or guardian, and committed him to the custody and control of the probation officer for placement in a camp community program for nine months, with 28 days of predisposition custody credit. Minor filed a timely notice of appeal from the judgment.

At the adjudication hearing, Daniel V. (Daniel) testified that on the afternoon of February 6, 2013, he was walking alone home from school holding his cell phone in his right hand, when someone came up behind him and asked to borrow the phone. Daniel identified the person in court as minor. When Daniel said "No," and kept walking, minor grabbed the top of the phone with his left hand and pulled. Minor was on Daniel's right side and slightly behind him when he initially reached for the phone. Daniel gripped the phone tighter, turned and backed away. Minor then used both hands to pull the cell phone with greater force. At one point minor placed his hand on top of Daniel's in an attempt to pull the phone away. During the struggle, Daniel's knee gave out and he fell backward while minor "tripped forward," and gained possession of the phone. Minor then ran off with the phone. Daniel testified he was nervous and a "little scared" during the struggle, and suffered a small scratch on the finger of his left hand. The whole

incident lasted less than five minutes, and took only a few seconds for minor to take possession of the phone.  Daniel did not see the cell phone again until a police officer returned it to him.

Minor did not testify or present other evidence in his defense.

## DISCUSSION

Minor contends that a finding he committed robbery was not supported by substantial evidence.  A challenge to the sufficiency of the evidence to support a juvenile court judgment sustaining a criminal allegation is reviewed under the same standard of review applicable to any criminal appeal.  (*In re Ryan N*. (2001) 92 Cal.App.4th 1359, 1371 (*Ryan N.*).)  Thus, we review the whole record in the light most favorable to the prosecution to determine whether it discloses evidence that is "reasonable, credible, and of solid value -- such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt."  (*People v. Johnson* (1980) 26 Cal.3d 557, 578; see also *Jackson v. Virginia* (1979) 443 U.S. 307, 318-319; *Ryan N., supra*, at p. 1372.)  We do not reweigh the evidence or resolve conflicts in the evidence.  (*People v. Young* (2005) 34 Cal.4th 1149, 1181.)

"We draw all reasonable inferences in support of the judgment.  [Citation.]" (*People v. Wader* (1993) 5 Cal.4th 610, 640.)  "If the circumstances reasonably justify the trial court's findings, reversal is not warranted merely because the circumstances might also be reasonably reconciled with a contrary finding.  [Citations.]  The test on appeal is whether there is substantial evidence to support the conclusion of the trier of fact; it is not whether guilt is established beyond a reasonable doubt.  [Citation.]  [¶]  Before the judgment of the trial court can be set aside for insufficiency of the evidence . . . , it must clearly appear that upon no hypothesis whatever is there sufficient substantial evidence to support it.  [Citation.]"  (*People v. Redmond* (1969) 71 Cal.2d 745, 755; *Ryan N., supra*, 92 Cal.App.4th at p. 1372.)

**Identification evidence**

First, minor contends that the identification of minor by Daniel was not reliable or trustworthy and was thus insufficient to prove that minor was the perpetrator.

3

The testimony of a single witness is sufficient to establish identity unless the testimony is physically impossible or inherently improbable. (See *People v. Elliott* (2012) 53 Cal.4th 535, 585.) An in-court identification alone may be sufficient to sustain a conviction. (*People v. Hughes* (1969) 271 Cal.App.2d 288, 291.) There is no requirement of corroboration. (*People v. Wilson* (1968) 266 Cal.App.2d 106, 108; see Evid. Code, § 411.)

Minor contends that because Daniel did not specifically testify he saw defendant and did not describe his face or other identifiable features, the identification testimony was insufficient. In addition, minor infers from the following that Daniel did not sufficiently observe the perpetrator: Daniel was approached from behind; the perpetrator was on his right and slightly behind Daniel when he first grabbed the cell phone; the perpetrator ran away when Daniel fell backward; and the entire incident lasted only a few seconds. Minor concludes that Daniel's in-court identification was "inherently improbable."

"The 'inherently improbable' standard for rejecting testimony on appeal is not merely an enhanced version of implausibility . . . . [It] means that the challenged evidence is 'unbelievable per se . . . ,' such that 'the things testified to would not seem possible.' [Citation.]" (*People v. Ennis* (2010) 190 Cal.App.4th 721, 725.) "'"To warrant the rejection of the statements given by a witness who has been believed by a trial court, there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions. [Citations.] . . ."'" (*People v. Mayberry* (1975) 15 Cal.3d 143, 150.) As minor has shown no physical impossibility and his argument relies on his inference that Daniel did not get a good look at the perpetrator, he has not demonstrated inherent improbability.

"'[I]t is not a proper appellate function to reassess the credibility of the witnesses.' [Citation.]" (*People v. Thompson* (2010) 49 Cal.4th 79, 125.) Moreover, we conclude that Daniel's testimony gives rise to the reasonable inference that he was able to observe minor well enough to identify him. Daniel testified that he turned, so that minor was on his right side, just slightly behind him when minor grabbed the phone with one hand;

4

when Daniel resisted, minor reached with his other hand and used both hands to pull on the phone while Daniel pulled and backed away from minor. If minor had been wholly behind Daniel at that point, as minor's argument presupposes, Daniel could not have backed away from him. Further, as Daniel fell back, minor "tripped forward," a scenario suggesting that the two young men were face to face or nearly so at that point. Because the circumstances reasonably support the trier of fact's findings, conflicting inferences do not warrant reversal. (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11.)

Further, any "weakness in the witness's testimony are matters to be explored on cross-examination and argued to the trier of fact." (*People v. Robertson* (1989) 48 Cal.3d 18, 44; see also *People v. Mendez* (2010) 188 Cal.App.4th 47, 59.) In addition, a defendant who claims that his identification was unduly suggestive or unreliable should object in the trial court. (*People v. Ochoa* (1998) 19 Cal.4th 353, 411-412 (*Ochoa*).) Here, minor did not move to exclude the identification and he failed to avail himself of the opportunity to cross-examine Daniel in order to establish, if possible, that the circumstances could not reasonably justify an inference that Daniel observed minor well enough to identify him.

The authorities cited by minor are inapplicable and do not support his contention that in-court identifications alone are insufficient evidence of identity, although some agree that such identifications can be suggestive and unfair. (See *United States v. Wade* (1967) 388 U.S. 218, 228-229, 235-236 [accused must be afforded counsel at pretrial identification proceedings]; *Ochoa, supra*, 19 Cal.4th at pp. 411-412 [defendant bears burden to establish unfair identification]; *People v. Bolin* (1998) 18 Cal.4th 297, 319 [identity not an issue]; *People v. Palmer* (1984) 154 Cal.App.3d 79, 88 [error in refusing instructions on evaluating identification testimony]; *People v. Caruso* (1968) 68 Cal.2d 183, 184, 189-190 [in-court identification tainted by pretrial lineup without counsel]; *United States v. Burdeau* (9th. Cir. 1999) 168 F.3d 352 (*Burdeau*) [no error in refusing in-court lineup].) Indeed, the federal appeals court observed in *Burdeau* that "'[a]s long as the witness has an independent recollection that is wholly untainted by the police

misconduct, an in-court identification is permissible.' [Citation.]" (*Burdeau, supra*, at p. 358.)

Here, the trial court found the evidence of identification sufficient to sustain the petition. As we have found substantial evidence to support that finding, we may not set it aside. (*People v. Redmond, supra*, 71 Cal.2d at p. 755; *Ryan N., supra*, 92 Cal.App.4th at p. 1372.)

**Evidence of force or fear**

Minor also contends that there was insufficient evidence of a taking by force or fear to support a robbery finding.

"Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (Pen. Code, § 211.) The quantum of force used must have been "in excess of that 'necessary to accomplish the mere seizing of the property.' [Citations.]" (*People v. Anderson* (2011) 51 Cal.4th 989, 995.)

Minor contends that the evidence showed he committed no more than grand theft in violation of Penal Code section 487. Minor points to Daniel's testimony that he let go of the phone when his knee gave out, causing him to fall. Because he did not apply direct force to Daniel's knee, such as by kicking him, minor argues that Daniel's fall was the cause of his releasing the phone, not any force applied by minor. Minor concludes that his offense was at most akin to a purse snatching.

"[W]here a person wrests away personal property from another person, who resists the effort to do so, the crime is robbery, not merely theft. [¶] There may be some generalized impression that a purse snatch -- grabbing a purse (or similar object) from a person -- is grand theft and nothing more . . . , although the weight of authority is otherwise where the force used is sufficient. [Citation.]" (*People v. Burns* (2009) 172 Cal.App.4th 1251, 1257.) "'"[A]ll the force that is required to make the offense a robbery is such force as is actually sufficient to overcome the victim's resistance . . . ."'" [Citations.]" (*Id*. at p. 1259.)

6

The evidence clearly established that minor used that quantum of force exceeding what would have been necessary simply to snatch the phone. Minor did not merely grab the phone and run as his argument suggests, but struggled against Daniel's resistance. Minor grabbed the phone with one hand, and when Daniel resisted by gripping it more and backing up, minor used both hands to pull harder in his direction. At one point in the struggle, minor placed his hand on top of Daniel's hand and tried to pull. We reject as unreasonable any inference that Daniel's fall was a fortuitous event unrelated to his attempt to resist minor's efforts to pull the cell phone out of his hand, as Daniel was in a physical struggle with defendant when his knee failed him.

We conclude that substantial evidence supports a finding that the cell phone was taken by force. Minor contends that Daniel's testimony that he was "nervous" and "a little scared" during the struggle was insufficient to prove that fear allowed the offense to occur. (See *People v. Anderson* (2007) 152 Cal.App.4th 919, 946 [robbery requires proof that victim's fear "'allowed the crime to be accomplished'"].) Robbery is "accomplished by means of force *or* fear." (Pen. Code, § 211, italics added.) "There is no need to prove both force *and* fear." (*People v. Hays* (1983) 147 Cal.App.3d 534, 541.)

Regardless, fear may be presumed from circumstances that would justify being afraid, even where the victim minimizes or denies his fear. (*People v. Iniguez* (1994) 7 Cal.4th 847, 857.) And it may be inferred from the circumstances that the victim's fear facilitated the taking. (*People v. Mungia* (1991) 234 Cal.App.3d 1703, 1709, fn. 2.) Here, the circumstances would reasonably cause a victim to be afraid; Daniel was in fact afraid, and we have found the evidence of force was sufficient to support a robbery conviction. We conclude that such circumstance gives rise to a reasonable inference that Daniel's fear facilitated minor's theft of the cell phone.

**DISPOSITION**

The judgment of the juvenile court is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ


We concur:



_____, P. J.
BOREN



_____, J.
ASHMANN-GERST