Filed 11/25/13  In re Victor R. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re VICTOR R., a Person Coming Under the Juvenile Court Law. | B248180 (Los Angeles County Super. Ct. No. VJ42787) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>VICTOR R.,<br><br>        Defendant and Appellant. | |

        APPEAL from an order of the Superior Court of Los Angeles County. Stephanie M. Davis, Juvenile Court Referee.  Affirmed.

        Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Kenneth C. Byrne and Seth P. McCutcheon, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

The minor, Victor R., appeals from an order declaring him to be a ward of the court pursuant to Welfare and Institutions Code section 602, upon findings that he had assaulted victim Jesus V. in violation of Penal Code section 241, subdivision (a), a misdemeanor. The juvenile court continued Victor R. as a ward of the court, placed him under the care and supervision of the probation department and ordered that he be suitably placed for a period not to exceed one year and five months. Appellant contends there was insufficient evidence that he committed the assault.

We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 19, 2013, the Los Angeles County District Attorney filed a Welfare and Institutions Code section 602 petition alleging that 16-year-old appellant committed assault (Pen. Code, § 241, subd. (a),[1] count 1), and attempted to commit robbery (§§ 664/211, count 2). It was further alleged that appellant, in the commission of count 1, inflicted great bodily injury (§ 12022.7, subd. (a)). Following a contested hearing the juvenile court found with respect to count 1 "that the lesser included offense of assault" had been "found true beyond a reasonable doubt." The court struck the word "felony" and added "misdemeanor." The petition was sustained as amended.[2]

**Prosecution Case**

On December 12, 2012, at approximately 9:15 p.m., Jesus V. was walking down 61st Street near Clarkson Avenue in Los Angeles when he was approached by appellant and Matthew G.[3] who started talking to him. Matthew wore a gray sweater and walked next to Jesus. Appellant wore a black sweatshirt, black beanie, and shorts, and walked behind Jesus. Jesus took off his headphones and heard Matthew say, "You are going to

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     The juvenile court dismissed count 2, along with the great bodily injury special allegation.

[3]     Matthew G. is not a party to this appeal.

2

be jumped." Jesus ran away and heard someone chasing him. He ran approximately one block to the 99¢ Only Store. Before he entered the store, he looked back and saw appellant and Matthew together.

Jesus stayed in the 99¢ Only Store for about five minutes. When he walked outside the store he saw appellant and Matthew, and they chased him again. Matthew grabbed Jesus, turned him around and punched him in the face. Matthew punched Jesus approximately 10 to 15 times when Jesus was on the ground. Jesus felt appellant grabbing and pulling on his sweatshirt pocket. Appellant and Matthew ran away and a witness inside the store called the police.

Los Angeles County Deputy Sheriff Roger Parga responded to the 99¢ Only Store and spoke to Jesus about the incident. Jesus stated that two males approached him and punched him. He provided a description of the assailants. Deputy Parga learned that two males had been detained approximately five blocks from the 99¢ Only Store. Deputy Parga took Jesus to that location and conducted a field identification. Jesus was nearsighted and was not wearing glasses or contacts. He was approximately 20 to 25 feet away from appellant and Matthew when he identified both of them based on their height, weight and clothing. At the time of his arrest, appellant was wearing a black hooded sweater, a black beanie with a Raiders logo, and gray shorts. Jesus, while wearing glasses, identified appellant in court.

Matthew was advised of his *Miranda*[4] rights and made a statement at the police station. Matthew stated he was walking home with his friend when Jesus walked around him without saying "excuse me." He confronted Jesus and fought him because he felt Jesus was being disrespectful. He stated he left the scene and was later stopped by the police.

**Defense Case**

No evidence was presented on behalf of appellant.

---

[4]     *Miranda v. Arizona* (1966) 384 U.S. 436.

## DISCUSSION

Appellant contends that the juvenile court's true finding on the assault allegation is not supported by substantial evidence. Specifically, appellant contends the identification was unreliable because appellant could not discern any facial features and relied primarily on recognizing appellant's clothing.

The same standard governs review of the sufficiency of evidence in juvenile cases and adult criminal cases. (*In re Christopher F.* (2011) 194 Cal.App.4th 462, 471, fn. 6; *In re Matthew A.* (2008) 165 Cal.App.4th 537, 540.) We review the entire record in the light most favorable to the juvenile court's findings "to determine whether any rational trier of fact could have found the essential elements of the crime or special circumstances beyond a reasonable doubt." (*People v. Zamudio* (2008) 43 Cal.4th 327, 357, italics omitted; *In re Christopher F., supra,* at p. 471, fn. 6.) "The record must disclose substantial evidence to support the [findings]—i.e., evidence that is reasonable, credible, and of solid value . . . ." (*Zamudio, supra,* at p. 357.) Even if we conclude that a reasonable trier of fact could reconcile the circumstances with a contrary finding, we affirm the court's order unless it appears " ' "that upon no hypothesis whatever is there sufficient substantial evidence to support" ' " the [court's findings]." (*Ibid.*)

The findings of fact concerning eyewitness identification testimony are binding on us unless the evidence is so weak that it amounts to no evidence at all. (*People v. Mohamed* (2011) 201 Cal.App.4th 515, 521 (*Mohamed*).)

Jesus identified appellant at a field identification and also identified appellant in court. (*People v. Hughes* (1969) 271 Cal.App.2d 288, 291 ["the inescapable fact of in-court eyewitness identification" is sufficient to sustain a conviction].)

Jesus also testified that he saw appellant on a number of occasions: when appellant was walking behind him on the street, when he turned to look back after initially running away from appellant and Matthew, when he exited the 99¢ Only Store, and when Matthew assaulted him. Jesus was in close proximity to appellant because he testified that appellant grabbed and pulled his sweatshirt while Matthew was punching

4

him.  (*People v. Lundy* (1969) 2 Cal.App.3d 939, 944 [when the circumstances surrounding the identification and its weight are explored at length at trial, where eyewitness identification is believed by the trier of fact, that determination is binding on the reviewing court].)

The fact that Jesus did not get a good enough look at appellant's face upon which to base his field identification does not mean there was insufficient evidence to support the juvenile court's order.  Even where an eyewitness does not see the perpetrator's face, identification can be based on other peculiarities such as size, appearance, and similarity of voice, features, or clothing.  (*Mohamed, supra,* 201 Cal.App.4th at p. 522, citing *People v. Lindsay* (1964) 227 Cal.App.2d 482, 494; *People v. James* (1963) 218 Cal.App.2d 166, 170 [evidence of identification sufficient even though robber's face was covered by mask, where witnesses identified him based on his Scottish accent, peculiar walk, clothing, and general appearance].)

The defendant in *Mohamed* was convicted of robbery based on field identifications by two eyewitnesses.  One witness said that the robber wore a mask that left the bottom of his face visible, allowing her to see the shape of his jawline, nose, and mouth.  During her field identification of the suspect, she told the police she was 80 percent sure Mohamed had been the robber based on his clothing, facial features, and build.  She also identified Mohamed at trial.  The other witness based his curbside identification on the clothes Mohamed was wearing, and said he was 100 percent certain of his identification.  (*Mohamed, supra,* 201 Cal.App.4th at pp. 521–522.)

The *Mohamed* court held there was sufficient evidence to support the verdict.  The police detained Mohamed just blocks away from the robbery because he fit the witnesses' descriptions.  The first witness identified Mohamed because he was wearing the same clothing, including a "nylon do-rag" that the witness said matched the fabric used to mask the robber's face.  (*Mohamed, supra,* 201 Cal.App.4th at pp. 521–522.)  The strength of this evidence was not undermined by the first witness's doubts about her identification, by the fact that neither witness saw the defendant's entire face, or by any

5

inconsistencies in the witnesses' testimony. Instead, those raised issues of credibility that the jury was free to resolve. (*Id.* at p. 522.)

We conclude there was sufficient evidence to support the juvenile court's finding that appellant assaulted Jesus. Jesus described appellant's height, weight, general age, and clothing. Appellant and Matthew were detained approximately five blocks from the 99¢ Only Store by the police within minutes because they matched the descriptions provided by Jesus.

Appellant challenges the reliability of the identification because Jesus was not wearing glasses at the time of the field identification. But "'the strength or weakness of the identification'" goes towards "'the weight of the evidence and the credibility of the witnesses, and are for the observation and consideration, and directed solely to the attention'" of the trier of fact. (*Mohamed, supra,* 201 Cal.App.4th at p. 522.)

"'Apropos the question of identity, to entitle a reviewing court to set aside a jury's finding of guilt the evidence of identity must be so weak as to constitute practically no evidence at all.' [Citations.]" (*Mohamed, supra,* 201 Cal.App.4th at p. 521.) Such is clearly not the situation here. In view of Jesus's testimony in this case, we determine that there was ample evidence to support the juvenile court's finding that appellant committed the assault.

**DISPOSITION**

The order sustaining the petition is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J. *

        FERNS

We concur:


_____, P. J.

      BOREN


_____, J.

      ASHMANN-GERST

---

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.