[Crim. No. 2223.   Fourth Dist.   Oct. 6, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES L. CARUTH, Defendant and Appellant.

James L. Caruth, in pro. per., and Floyd L. Morrow, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Harvey D. Unrot, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—In a five-count information the defendant was charged with issuing four worthless checks, each in excess of $50, i.e., violations of section 476a, subdivision (a), of the Penal Code, and of grand theft of an automobile; was found guilty on all counts; was sentenced to imprisonment in the state prison, the grand theft sentence to run consecutively with the worthless check sentences, and the latter to run concurrently with each other; and appealed.

The grand theft charge was based on the purchase of an automobile with the worthless checks described in Count 4.

The offenses occurred in 1960. The information was filed on September 24, 1964. It was alleged defendant was absent from the State of California from March 30, 1962, to August 16, 1964, which would toll the running of the statute of limitations. (Pen. Code, §§ 800, 802.)

The contentions on appeal are that (1) the evidence is insufficient to establish absence of the defendant from the State of California for the time alleged in the information, as the only evidence in respect thereto was admitted erroneously; and (2) the court erred in sentencing defendant on both the worthless check and grand theft counts.

In support of its case that the statute of limitations had been tolled, the prosecution introduced in evidence, as one exhibit, authenticated copies of the records of the Illinois State Penitentiary, consisting of a photograph, fingerprint record, and prison commitment of James Caruth. There is no contention that the James Caruth therein mentioned and identified is not the defendant, James Caruth. The commitment established that on March 19, 1962, the defendant was sentenced to imprisonment in the Illinois State Penitentiary for the term of one to five years. The fingerprint record shows that he was received in the prison on March 30, 1962. On the back of the photograph is a printed and typewritten form, obviously used as a record, containing information concerning the defendant which shows that he was received at the penitentiary on March 30, 1962, and was discharged therefrom on May 15, 1964. The certificate of the warden attached to

this exhibit refers to the photograph, the fingerprint record, and the commitment as "copies of the original records of James Caruth . . . ." Defendant contends that the information on the back of the photograph was not introduced into evidence; is hearsay; and may not be considered in determining the sufficiency of the evidence to establish his presence in the prison for the period from March 30, 1962, to May 15, 1964. There is no merit to this contention. The photograph, together with the record on the back thereof, was a part of the entire exhibit certified by the warden, authenticated and admitted into evidence. The fact that, in identifying the exhibit at the time of its introduction into evidence, the district attorney did not refer to the record on the back of the photograph is of no consequence. Under the rules applicable to an appeal, no order of the court having been made to the contrary, all parts of the exhibit will be deemed to have been admitted into evidence. (Generally see *People* v. *Roberts,* 213 Cal.App.2d 387, 391-392 [28 Cal.Rptr. 839].) Even assuming that the record on the back of the photograph, as contended, is objectionable hearsay, the defendant made no objection to its admission into evidence at the time of trial and, for this reason, may not raise the objection on appeal. Directly in point is *People* v. *Manfredo,* 210 Cal.App.2d 474, 479 [26 Cal.Rptr. 817]. (See also *People* v. *Houston,* 88 Cal.App.2d 11, 17 [198 P.2d 53].)

A policewoman testified, without objection, that she interviewed the defendant while in jail and in the course thereof he told her that he had been in the State of Illinois from May 1962 until August 1964. Admission of this testimony is claimed error because preliminary to the interview defendant had not been advised of his rights to counsel and to remain silent. The case was tried on November 4, 1964, after the decision in *Escobedo* v. *Illinois* (June 22, 1964) 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977], but before the final decision in *People* v. *Dorado* (Jan. 29, 1965) 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]. We need not consider the effect of defendant's failure to object to the admission of the testimony in light of the fact that the trial followed the *Escobedo* decision because the statement made by him did not constitute a confession and its admission, in any event, was not prejudicial error. The defendant testified but did not deny he was in prison in the State of Illinois between March 1962 and May 1964. To the contrary, in support of his alibi that he was not in San Diego at the time the alleged offenses were committed, he testified: "The last time I was in San

Diego was 1953. I haven't been here at all." It is our opinion, after a review of the entire record, including the evidence, that it is not probable a result more favorable to the defendant would have been reached if the testimony respecting the statement made by him to the policewoman had not been admitted in evidence. Under these circumstances any alleged error in the premises does not justify a reversal. (*People* v. *Hillery,* 62 Cal.2d 692, 712-713 [44 Cal.Rptr. 30, 401 P.2d 382]; *People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243].)

█ It was error for the trial court to impose sentences on both the worthless check offense alleged in Count 4 of the information and the grand theft offense alleged in Count 5. The defendant issued this check to obtain the automobile he was found guilty of stealing. Under the evidence in this case, issuing the check and taking the automobile, as stated in *People* v. *McFarland,* 58 Cal.2d 748, 762 [26 Cal.Rptr. 473, 376 P.2d 449], "were parts of a continuous course of conduct and were motivated by one objective, theft." Directly in point and factually analogous, except as hereinafter noted, are the decisions in *People* v. *Rosenberg,* 212 Cal.App.2d 773, 777 [28 Cal.Rptr. 214], and *People* v. *Martin,* 208 Cal.App.2d 867, 876-878 [25 Cal.Rptr. 610]. █ When fixing the date for pronouncement of judgment the trial court said: ". . . under the cases that I have read in this case the grand theft and the check charge arise out of the same transaction and if he is sentenced judgment cannot be pronounced on both of those counts." However, on the date when judgment was pronounced sentence was imposed as to all counts with the direction that: "The sentence imposed herein and hereunder on Counts 1, 2, 3 and 4 shall be served concurrently with each other, the sentence imposed on Count 5 herein shall be served consecutively with the sentence imposed herein on Counts 1, 2, 3 and 4."

█ The Attorney General contends that, in the event of a reversal because of the double sentences imposed by the judgment, under the applicable rule directing reversal of that part of the judgment imposing sentence upon the lesser offense the reversal should be directed to that part of the judgment imposing sentence on the worthless check offense alleged in Count 4 rather than on the grand theft offense alleged in Count 5. (Generally see *People* v. *McFarland, supra,* 58 Cal.2d 748, 763.) In support of this contention it is argued that under the circumstances of this case the grand theft offense is subject to the greater penalty because the sentence thereon was ordered to run consecutively with the sentences on the

worthless check charges. As fixed by the Penal Code the penalty for grand theft is less than the penalty for issuing a worthless check in an amount in excess of $50. (Pen. Code, §§ 489 and 476a, subd. (a).) The Penal Code fixes the penalty. The court, by its sentence, imposes the penalty fixed by the Penal Code. In its discretion, the court may designate the time during which sentences imposing different penalties may be served. Nevertheless, the penalty in each instance is that fixed by the Penal Code. We hold that in the instant case the court erred in imposing sentence on the grand theft offense alleged in Count 5, because the penalty for that offense is less than the penalty for the worthless check offense alleged in Count 4. However, it would appear that the trial court believed the transaction involving the theft of the automobile, which included the issuance of the worthless check described in Count 4 as well as taking the automobile, merited imposing a consecutive sentence. If we reverse the judgment only insofar as it imposes sentence on the grand theft charge the trial court will have been deprived of the right and duty to exercise its discretion respecting the imposition of concurrent or consecutive sentences. Therefore, that part of the judgment imposing sentence on the worthless check offense alleged in Count 4 and on the grand theft alleged in Count 5 is reversed with directions to the trial court to impose sentence upon the offense alleged in Count 4, to exercise its discretion as to whether this sentence should run concurrently or consecutively with the sentences imposed for the offenses alleged in Counts 1, 2 and 3, and not to impose sentence for the offense alleged in Count 5. In all other respects the judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.

A petition for a rehearing was denied October 18, 1965, and appellant's petition for a hearing by the Supreme Court was denied December 1, 1965.