Filed 8/29/16  P. v. Smith CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064413 |
| v. | (Super.Ct.No. INF037730) |
| GLEN MICHAEL SMITH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Reversed with directions.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Allison V. Hawley, and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Glen Michael Smith filed a petition to have his 2001 felony second degree burglary conviction (Pen. Code, § 459) reclassified as a misdemeanor shoplifting conviction (§ 459.5)[1] under Proposition 47. (§ 1170.18.) The People did not contest Smith's eligibility for reclassification; however, the superior court summarily denied the petition based on its finding that Smith "broke into [a] dentist's office at 10:20 pm."

Because the record does not contain enough information to afford meaningful appellate review of the court's factual finding, we reverse the ruling and remand for further proceedings under section 1170.18.

## I

### FACTS AND PROCEDURAL BACKGROUND

On June 15, 2001, the People filed a felony complaint against Smith, charging him with two counts (counts 1, 2) of felony second degree burglary. On September 13, 2001, Smith pled guilty to count 1, waived his right to a presentence report, and elected to be immediately sentenced. The trial court dismissed count 2 as part of the plea agreement and placed Smith on probation for three years with credit for 183 days served.

The only information in the appellate record on the factual basis for count 1 comes from the complaint and Smith's probation terms and conditions. The complaint states Smith burglarized 34010 Date Palm, Cathedral City, California and the probation terms

---

[1] Undesignated statutory references are to the Penal Code.

2

and conditions describes the victim as Dr. Takbiu Lo.[2]

On March 16, 2015, Smith filed a petition for reclassification under section 1170.18, subdivision (f), checking the box stating he "believes the value of the check or property does not exceed $950." In their response, the People checked the box stating Smith was "*entitled*" to relief.

On July 29, 2015, the superior court summarily denied Smith's petition. The court wrote on the order: "[D]ef. broke into dentist's office at 10:20 pm—not eligible—not open commercial establishment." Smith timely appealed.

## II

## DISCUSSION

Proposition 47 reduced certain felony and wobbler offenses to misdemeanors and created new misdemeanor offenses. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Proposition 47 also created two separate mechanisms for reclassifying felony convictions as misdemeanors, depending on whether the defendant is serving or has completed a sentence for an eligible felony conviction. (§ 1170.18, subds. (a), (f).) Section 1170.18, subdivision (a), authorizes the court to recall and resentence a defendant "currently serving" a sentence for a conviction that "would have" been a misdemeanor if the crime had been committed after Proposition 47's passage. (§ 1170.18, subds. (a),

---

[2] The probation terms and conditions requires Smith to remain 500 yards away from 34400 Date Palm, Cathedral City, California, which is the address the complaint lists for count 2. This suggests there may be some confusion as to the location of the burglary in count 1. In his request for a certificate of probable cause, Smith appears to assert the establishment he burglarized was a flower shop, not a dentist office.

(b).)  For defendants like Smith who have already completed their sentences, section 1170.18, subdivision (f) authorizes the court to reclassify qualifying convictions as misdemeanors.

As relevant to Smith's case, one of the new offenses Proposition 47 created is "shoplifting," defined as "entering a commercial establishment with intent to commit larceny *while that establishment is open during regular business hours*, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)."  (§ 459.5, italics added.)  In denying the petition, the court ruled Smith's offense did not satisfy the open during business hours requirement based on its finding that Smith broke into a dentist office at 10:20 p.m. when the office was closed.

1.      *The Court's Factual Finding*

Smith argues we cannot affirm the court's ruling because the court "did not identify the source" of its factual finding.  His argument is well taken.

Section 1170.18 allows a person to file a petition and requires the court to determine eligibility, but is silent as to various procedural aspects, such as which party bears the burden of proof, what type of evidence the court can consider, and whether hearings are necessary.  (See generally § 1170.18; see also *People v. Perkins* (2016) 244 Cal.App.4th 129, 136-138 (*Perkins*) [discussing petitioning procedure under § 1170.18].)  When considering a Proposition 47 petition, the superior courts have access to the record of conviction as well as their court files.  (See *Perkins*, *supra*, at p. 138; see also Couzens & Bigelow, Proposition 47:  "The Safe Neighborhoods and Schools Act" (May 2016)

4

p. 38 (Couzens & Bigelow), at <http://www.courts.ca.gov/documents/Prop-47-Information.pdf> [as of Aug. 3, 2016] [review of "court's file" may establish ineligibility].) This means that, in some cases, a court's determination of eligibility could rest on findings based on evidence to which we have no access on appeal. Such is the case here. The superior court made a factual finding—that count 1 was based on Smith's breaking into a closed dentist office—but the record is silent; it contains no evidence for us to review.

An appellate court reviews a trial court's factual findings under the substantial evidence standard. (*People v. Semaan* (2007) 42 Cal.4th 79, 87.) This standard requires us to determine whether the record contains evidence that is "reasonable, credible, and of solid value" to support the trial court's finding. (*People v. Hovarter* (2008) 44 Cal.4th 983, 997; see also *People v. Pearson* (1969) 70 Cal.2d 218, 221-222, fn. 1 [appellate review is confined to the record].) The standard is deferential, but it has limits. "[T]he word [substantial] cannot be deemed synonymous with 'any' evidence. It must be reasonable in nature, credible, and of solid value; it must actually be 'substantial' proof of the essentials which the law requires in a particular case." (*Estate of Teed* (1952) 112 Cal.App.2d 638, 644.) Without the evidence the superior court relied on to determine Smith was ineligible for resentencing, or even a description of the evidence, we are unable to determine whether the court's finding is supported by substantial evidence. (See, e.g., *Krause v. Apodaca* (1960) 186 Cal.App.2d 413, 420 [reversing trial court's

judgment because "the record discloses no evidence" to support court's finding that defendant was not negligent].)

We recognize the rule that a defendant who seeks to challenge a trial court's factual finding carries the burden of demonstrating error on appeal. If the defendant cannot affirmatively demonstrate error, we uphold the finding based on the basic principle of appellate review that a trial court's factual findings are presumed correct. "Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) However, a corollary of this rule is that "[a criminal] defendant is entitled to a record that is adequate to permit meaningful review." (*People v. Howard* (1992) 1 Cal.4th 1132, 1165.) It is a basic matter of due process that a party who is adversely affected by a trial court's factual finding must be able to challenge that finding on appeal. "The right to appeal is vital to the integrity of our criminal justice system and the foreclosure of meritorious appellate review offends our basic notions of justice and due process of law." (*People v. Rivera* (1981) 127 Cal.App.3d 136, 146.)

Because the superior court's factual finding that Smith is ineligible for resentencing is not supported by substantial evidence, we reverse and remand for further proceedings under section 1170.18. On remand, if the court decides the petition on the merits without a hearing, it should describe the evidentiary basis of its factual findings so as to enable appellate review. Alternatively, the court may hold a hearing and provide

6

the parties an opportunity to present evidence and argument on the issue of Smith's eligibility.

  2.  *The Prima Facie Burden*

  The People urge us to affirm the trial court's ruling on the alternative ground that Smith's petition was deficient for failing to establish his eligibility for relief. Had the court not reached the merits of Smith's petition, and had the People not agreed Smith was entitled to relief, we could affirm on this basis. (See, e.g., *People v. Sherow* (2015) 239 Cal.App.4th 875 (*Sherow*) [affirming court's denial on basis of deficient, contested petition and allowing defendant to refile a properly supported petition]; *Perkins*, *supra*, 244 Cal.App.4th 129 [same].) However, by reviewing the record for evidence and issuing a ruling based on factual findings regarding the nature of Smith's offense, the superior court proceeded past the initial screening stage and reached the merits of the petition. (See *Sherow*, *supra*, at p. 880 [once a defendant has "made the initial showing," the court should "take such action as appropriate to grant the petition or permit further factual determination"]; see also Couzens & Bigelow, *supra*, at p. 37 ["Proposition 47 contemplates a potential four-step process: (1) the filing of a petition requesting resentencing, (2) an initial screening for eligibility, (3) a qualification hearing where the merits of the petition are considered, and, if appropriate, (4) a resentencing of the crime"].) This is because by not denying the petition on the pleadings and instead proceeding to the merits, the court made a threshold determination that the pleadings established an initial showing that there was a reasonable probability Smith was entitled

7

to resentencing.  In other words, the court has determined there is enough information in the pleadings and the court's file to join the issues and allow for a determination on the merits.  (See, e.g., *People v. Duvall* (1995) 9 Cal.4th 464, 475 [when a court issues an order to show cause in a habeas proceeding, the court has made an implicit finding that the petitioner has met his or her prima facie burden on the issues identified in the order to show cause].)

We emphasize this conclusion in no way alters the fundamental rule that—at each stage—a Proposition 47 petitioner bears the burden of proof to demonstrate he or she is entitled to relief.  (See, e.g., *Sherow*, *supra*, 239 Cal.App.4th 875; *Perkins*, *supra*, 244 Cal.App.4th 129.)  This burden will remain with Smith on remand, and if the court permits additional pleadings or a hearing, it is Smith who must demonstrate his burglary constitutes shoplifting under Proposition 47.[3]  Our conclusion is simply that the court moves past the initial screening stage when it reviews the record, makes factual findings, and determines the petition's merits.  Smith had no opportunity below to challenge the evidence the superior court relied on in denying his petition.  If we affirm the court's ruling based on Smith's failure to meet his prima facie burden of demonstrating entitlement to relief, we foreclose his ability to challenge that evidence even on appeal.  Therefore, when we are asked to review a superior court's factual finding on a

---

[3] We note there is some confusion about a statement Smith made in his request for a certificate of probable cause attached to his notice of appeal.  The statement regards the underlying facts of Smith's burglary, but it is unclear whether Smith was referring to the count 1 burglary or the dismissed count 2 burglary.  On remand, the trial court may consider Smith's statement if it finds it is relevant to the facts of count 1.

8

Proposition 47 petition but the appellate record is silent, we believe the proper remedy is to remand the case to the superior court for further proceedings.  The ruling the superior court ultimately issues on remand should describe the basis of the court's decision in a manner sufficient to permit appellate review.

## III

## DISPOSITION

The order appealed from is reversed and the matter is remanded to the superior court for proceedings under section 1170.18 consistent with this opinion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
                                                                                                    J.

We concur:

RAMIREZ
                    P. J.

HOLLENHORST
                    J.

9