Filed 1/15/25  P. v. Yamburg CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LEONID S. YAMBURG,<br><br>    Defendant and Appellant. | H051520, H051700<br>(Santa Clara County<br> Super. Ct. No. C2100886) |

**THE COURT**[1]

Leonid S. Yamburg appeals from orders declaring him incompetent to stand trial (Pen. Code, § 1368[2]), committing him to the Department of State Hospitals for placement in a psychiatric facility for a maximum of two years (§ 1370, subd. (a)(2)), and denying his request to substitute his appointed counsel (*People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*)).  For the reasons set forth below, we affirm the orders.

## I.  PROCEDURAL BACKGROUND[3]

In January 2021, the Santa Clara County District Attorney filed a felony complaint charging Yamburg with two counts of murder (§ 187) with special circumstances

---

[1] Before Greenwood, P. J., Danner, J., and Bromberg, J.
[2] Subsequent undesignated statutory references are to the Penal Code.
[3] Except to provide context for the procedural background, we omit a detailed discussion of the facts of the offense as they are not relevant to the analysis and disposition of the appeal.

allegations of multiple murders in the same proceeding (§ 190.2, subd. (a)(3)), after Yamburg appeared at the Sunnyvale Department of Public Safety and reported that he killed his wife earlier that morning. Reporting officers found Yamburg's deceased wife and daughter at his home.

At a hearing on Yamburg's request to represent himself under *Faretta v. California* (1975) 422 U.S. 806, the trial court declared a doubt as to Yamburg's competency to stand trial pursuant to section 1368, following an in camera hearing with Yamburg and his attorney. The court appointed Rami Mogannam, Ph.D. to evaluate Yamburg's competency. Mogannam filed a report in November 2021. The court thereafter appointed John M. Greene, M.D., to undertake a second evaluation, the report from which the trial court received in April 2022. In August 2022, the trial court appointed a prosecution-retained expert, Lyn J. Mangiameli, Ph.D., to conduct an additional evaluation of Yamburg's competency. Mangiameli filed a report in May 2023.

While these evaluations were being completed, Yamburg made three requests to substitute his appointed attorney, pursuant to *Marsden*. The trial court denied each request after holding a hearing.[4]

In May 2023, the court appointed Lindsay Meyer, Ph.D. to conduct another evaluation of Yamburg's competency. Meyer filed a report in September 2023. After counsel submitted on the reports, the trial court determined that Yamburg was not competent to stand trial. Yamburg timely filed a notice of appeal from the order, which is appealable as a final judgment in a special proceeding, designated by this court as

_____

[4] This court dismissed each of Yamburg's appeals from these orders, filed as appeal numbers H050063, H050841, and H051153, as taken from a nonappealable order. We granted appellant's request to take judicial notice of the record filed in appeal numbers H050063 and H050841, and granted his request to augment the record in this appeal with the notice of appeal filed in appeal number H051153. The reporter's transcripts originally prepared for appeal number H051153 were included in the record for the instant appeals via omission.

2

appeal number H051520.  (*People v. Christiana* (2010) 190 Cal.App.4th 1040, 1046 (*Christiana*); *People v. Fields* (1965) 62 Cal.2d 538, 540.)

At the hearing on Yamburg's placement following the determination that he was not competent to stand trial, Yamburg again moved to substitute his attorney pursuant to *Marsden*.  The trial court denied his *Marsden* request and ordered appellant committed to the Department of State Hospitals for placement in a locked psychiatric facility for a maximum term of two years for treatment to restore his competency.  Yamburg filed a notice of appeal from the orders, appealable as orders after a judgment in a special proceeding.[5]  (See § 1237, subd. (b); *Christiana*, *supra*, 190 Cal.App.4th at p. 1046.)  This court designated the second notice of appeal as appeal number H051700.[6]

On appeal, we appointed counsel to represent appellant in this court.  Counsel filed an opening brief which states the case and the facts but raises no specific issues. (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 543-544 (*Ben C.*); *People v. Taylor* (2008) 160 Cal.App.4th 304.)  Pursuant to *Ben C.* and *People v. Delgadillo* (2022) 14 Cal.5th 216, 224 (*Delgadillo*),[7] we notified appellant of his right to submit a supplemental brief on his own behalf.  Yamburg timely filed his supplemental brief.

---

[5] Yamburg filed the notice of appeal himself without assistance of counsel.  He referenced a November 20, 2023 order, which he described as "Marsden motion denial." On appeal, his attorney contends the notice of appeal addresses both the *Marsden* denial and the commitment order, which were both issued at the November 20 hearing, although the commitment order was not memorialized in writing until November 22, 2023.  This court must liberally construe the notice of appeal (Cal. Rules of Court, rule 8.304(a)(4)) and we do so to include both orders in the appeal.

[6] We ordered appeal numbers H051520 and H051700 considered together for purposes of briefing, oral argument, and disposition.

[7] Counsel asked the court to review the orders "under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 and/or [*Ben C.*] . . . ."  *Wende* review is not required in this matter, as it is not the "first appeal granted as a matter of right from a criminal conviction.  [Citations]." (*Delgadillo*, *supra*, 14 Cal.5th at p. 224.)  We will review the matter under the procedures set forth in *Ben C.* and *Delgadillo*.

Yamburg contends the attorneys appointed to represent him committed "multiple law violations." He alleges that one of the public defenders appointed to represent him at the trial court lied about the non-existence of a written report prepared by "Dr. Gould," changed the conclusions in reports prepared by Mogannam and Greene, "[ran] out of the courtroom with fake evaluation reports in hand" when Yamburg addressed his concerns to the trial court, and came back to "cover up his behavior" once Yamburg was escorted out of court.

Yamburg alleges that a second attorney failed to provide him with evaluating doctors' reports and other "investigation documents." Yamburg contends that the detectives with the Sunnyvale Department of Public Safety obstructed justice. He claims his appointed attorney admitted that certain recordings of Yamburg's interview with the police had been modified, and confirmed that he had evidence of "justice obstruction" but "declined to press charges against police." He also claims the reporter's transcript from the relevant hearing was "illegally modified[.]" Yamburg contends the trial court ordered his attorney to modify certain court transcripts before providing them to the next doctor that would be evaluating Yamburg.

In addition to instances of misconduct by his attorneys, Yamburg argues that various statements were removed from transcripts of court proceedings, and/or that transcripts were modified to conceal information. He contends that the doctors' reports contradicted the opinions of the police detectives, and that the doctors' conclusions failed to reflect his answers to their questions.

As to the trial court hearing at which Yamburg was declared incompetent to stand trial, Yamburg argues that the trial court failed to conduct a trial.

## II. DISCUSSION

In his supplemental brief, Yamburg contends that his appointed counsel in the trial court "committed multiple law violations" leading to the determination that he is incompetent to stand trial. He claims there were misstatements in several of the expert

reports, and that the reporter's transcripts were modified. Finally, Yamburg argues that the trial court declined his right to a jury trial by not allowing him to address the court.

Yamburg does not raise any arguable issues on appeal. An issue is arguable if it has a reasonable potential for success, and, if resolved favorably for the appellant, the result will either be a reversal or a modification of the judgment. (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

"The constitutional guarantee of due process forbids a court from trying or convicting a criminal defendant who is mentally incompetent to stand trial. [Citations.] Section 1367 of the Penal Code, incorporating the applicable constitutional standard, specifies that a person is incompetent to stand trial 'if, as a result of mental disorder or developmental disability, the defendant is unable to understand the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a rational manner.' (*Id.*, subd. (a); [citation].) [¶] Penal Code section 1368 requires that criminal proceedings be suspended and competency proceedings be commenced if 'a doubt arises in the mind of the judge' regarding the defendant's competence (*id.*, subd. (a)) and defense counsel concurs (*id.*, subd. (b))." (*People v. Rodas* (2018) 6 Cal.5th 219, 230-231 (*Rodas*).) Although *Rodas* speaks of a defendant's right to a hearing on present sanity if he presents " 'substantial evidence that he is incapable, because of mental illness, of understanding the nature of the proceedings against him or of assisting in his defense' [citations][,]" (*Rodas*, at p. 231) the Supreme Court later confirmed that "it doesn't matter how the evidence comes before the court. If the court is presented with substantial evidence of mental incompetence—whether or not defendant is its immediate source—the court must declare a doubt about the question and initiate an inquiry . . . . (See § 1368, subd. (a).)" (*People v. Wycoff* (2021) 12 Cal.5th 58, 82 (*Wycoff*).)

Yamburg argues that the trial court erred in relying on the conclusions of the court-appointed experts, because the reports showed he "correctly answered all related questions," and because the experts' opinions contradicted those of the "police

5

detectives."  He does not cite to other contradictory evidence in the record, or otherwise explain how the trial court erred.  "[S]ubstantial evidence of mental incompetence necessarily raises such a doubt irrespective of whether other evidence, including the court's own observations, suggests the defendant is competent.  On this latter point, we said in *Rodas*: ' "Once such substantial evidence appears, a doubt as to the sanity of the accused exists, *no matter how persuasive other evidence—testimony of prosecution witnesses or the court's own observations of the accused—may be to the contrary*." [Citation.]' (*Rodas*, *supra*, 6 Cal.5th at p. 231, italics added.)"  (*Wycoff*, *supra*, 12 Cal.5th at p. 82.)  The existence of some evidence of Yamburg's competence alone is not enough to overcome the doubt as to his sanity if there exists substantial evidence that he is incapable of understanding the nature of the proceedings or assisting in his defense. Yamburg does not address the existence of such evidence in the record, and does not point to an error by the trial court.

Regarding the reports the trial court relied on to establish a doubt as to his sanity, without citing to evidence in the record, and seemingly relying on evidence outside of the record on appeal, Yamburg contends that Dr. Meyer's report was "heavily affected" by the release of disinformation and by an alleged modification to one of the *Marsden* hearing transcripts.  This court confines itself to the record on appeal in reviewing the trial court's determination that Yamburg is not competent to stand trial.  (See *People v. Castillo* (2010) 49 Cal.4th 145, 157-158; *People v. Pearson* (1969) 70 Cal.2d 218, 221, fn. 1.)  Absent evidence in the record, we cannot say that Yamburg has raised an arguable issue on appeal, or pointed to an error by the trial court.

Yamburg contends that there are errors in Dr. Mangiameli's report, and in various court transcripts.  He also complains about the status of the record on appeal.  There is no evidence in the record that counsel raised any concerns about the completeness of the reports or transcripts in the trial court.  Nor has counsel filed a motion to augment or correct the record on appeal.  Yamburg has the burden to demonstrate error, as well as the

6

burden of furnishing to the court a sufficient record to consider the issues raised on appeal. (*People v. Cardenas* (2015) 239 Cal.App.4th 220, 227; *People v. Neilson* (2007) 154 Cal.App.4th 1529, 1534.) Issues concerning the correction or augmentation of the record on appeal are not "arguable issues" for purposes of appeal. They must be addressed by a proper procedural vehicle, which Yamburg did not do.

Yamburg alleges that there exists an additional written expert report from Dr. Gould, without explaining how that report would reveal an error in the orders being appealed. The portion of the record cited by Yamburg does not include reference to a written report prepared by Dr. Gould. Although he seems to quote from the reporter's transcript to support his contention, Yamburg then claims that the quoted statement was not included in the court transcript, without saying how he knows the statement was excluded or citing to any evidence of its exclusion. The available record confirms that Dr. Gould did not prepare a written report.

Because the trial court ruled based solely on the reports, Yamburg contends that the trial court declined his right to a jury trial at the mental competency hearing in September 2023, "by not allowing him to address the court." He claims the judge "stated she [did not] have time to listen [to Yamburg's] requests today and left the courtroom." Yamburg does not cite to the record in support of his contentions. The transcript from the hearing in September 2023 reveals that both parties submitted the matter on the doctors' reports. There is nothing in the transcript indicating that Yamburg requested a jury trial, that he asked to address the court, or that the judicial officer precluded him from speaking based on time constraints. Absent reference to other evidence in the record, Yamburg has not presented an arguable issue on appeal concerning the September 2023 hearing.

Finally, Yamburg claims his attorneys committed numerous violations of the law. To show ineffective assistance of counsel, an appellant must show that counsel's performance was deficient, falling below an objective standard of reasonableness, and

7

that appellant was prejudiced thereby. (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 694; accord *Richardson v. Superior Court* (2008) 43 Cal.4th 1040, 1050, as modified (July 16, 2008).) None of the allegations of deficient performance raised in Yamburg's brief raise an arguable issue on appeal. Even if Yamburg's description of his attorneys' conduct on its face shows deficient performance on their part, Yamburg does not include any explanation of how the conduct prejudiced him. And to the extent Yamburg relies on evidence that is not in the record on appeal (i.e., statements that there is information that was excluded from the experts' reports or reporters' transcripts, or that counsel failed to take certain actions), his claims must be raised in a habeas corpus petition. (*People v. Duong* (2020) 10 Cal.5th 36, 56.)

### III.  DISPOSITION

The September 28, 2023 order finding Yamburg not competent to stand trial is affirmed. (Appeal No. H051520.) The November 20, 2023 order denying Yamburg's *Marsden* motion, and the November 22, 2023 order of commitment are affirmed. (Appeal No. H051700.)