[Crim. No. 5121.   Second Dist., Div. Two.   Mar. 4, 1954.]

THE PEOPLE, Respondent, v. WALTER WILSON, Appellant.

Walter L. Gordon, Jr., for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

FOX, J.—The sole question on this appeal is: Did the trial court abuse its discretion in denying defendant's request for a continuance of the hearing on his application for probation?

Defendant was charged in count one with a violation of Penal Code, section 337a, subdivision 1, and in count two with a violation of subdivision 3 of the same section. He entered a plea of guilty to count one. Proceedings were suspended and defendant was granted probation for a period of three years on condition, among others, that he serve the first 90 days of his probationary period in the county jail, with good time allowed if earned. Count two was dismissed. He appeals from the judgment.

When the hearing on defendant's application for probation was called he sought, through his counsel, a continuance in order that he might see the probation officer, whom he claimed he had gone to see twice but who was not in on either occasion, to give the officer the information he wanted. It developed that the defendant had seen the probation officer but "he refused to discuss the offense" with the officer. Defendant claimed he had told the probation officer he would talk to him if it was all right with his attorney and that after his attorney had told him to tell everything he had been unable to contact the probation officer since he worked split shifts, leaving home at 10 a. m. and not returning until midnight.

A probation report was filed by the officer, and read and considered by the court. The presumption is that it was made in accordance with the provisions of Penal Code, section 1203, and that therefore the officer made "an investigation of the circumstances surrounding the crime and the prior record and history of the defendant," as therein provided, since it is presumed the law has been obeyed and official duty has been properly performed. (Code Civ. Proc., § 1963, subds. 15, 33.) The report is not before us and there is no evidence to overcome this presumption. The officer did not necessarily have to discuss the circumstances surrounding the crime with the defendant in order to make a proper investigation thereof. There may have been others connected with this bookmaking venture who could and did supply the necessary information. The transcript at the preliminary hearing may have disclosed it. By his plea defendant had admitted he was guilty of the charge. The prior record of the defendant would be available to the probation

officer, and in any event it does not appear that the defendant refused to discuss it, or his "history" or to provide other personal data, but rather only "refused to discuss the offense." Thus it was possible for the probation officer to make a sufficiently comprehensive investigation and report to enable the court to pass fairly on his application for probation without discussing "the offense" with the defendant. And we must presume the trial judge believed he had such a report. (Code Civ. Proc., § 1963, subd. 15.) We therefore find no abuse of discretion.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.