[Crim. No. 8031. Second Dist., Div. Three. Feb. 7, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. MARTIN JAY ROSENBERG, Defendant and Appellant.

774

Sam Bubrick, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

FORD, J.—By an information the defendant was accused of having committed four felonies. At the time of trial he withdrew his plea of not guilty and pleaded guilty to the charges contained in the first two counts. In one of those counts it was alleged that on or about April 20, 1961, the defendant had committed the crime of grand theft. (Pen. Code, § 487, subd. 1.) It was stated that the property taken was merchandise of the value of $291.15 which belonged to Claude Steen. In the other count it was charged that on or about April 20, 1961, the defendant had committed the crime of forgery of a fictitious name (Pen. Code, § 470) in that he "did willfully, unlawfully, fraudulently and feloniously make, pass, utter and publish a certain fictitious check and order in writing for the payment of money in the sum of Thirty Five and 00/100 Dollars . . . knowing said check to be fictitious as aforesaid, with intent then and there to cheat and defraud Claude Steen." Probation was denied and on each count the defendant was sentenced to the state prison for the term prescribed by law, it being ordered that the

sentences were to run concurrently. The remaining two counts of the information were dismissed. The defendant has appealed from the judgment.[1]

Only one contention is made by the defendant. He asserts that he could not be validly sentenced on both counts because "both violations of law arose out of but one single course of conduct directed toward dispossessing the victim of a television set." Reliance is placed on the provisions of section 654 of the Penal Code and on *Neal* v. *State of California,* 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839]. As succinctly stated in *People* v. *McFarland,* 58 Cal. 2d 748 [26 Cal.Rptr. 473, 376 P.2d 449], at page 760: "The principles governing the application of section 654 were clarified by this court in *Neal* v. *State of California,* 55 Cal.2d 11, 18 et seq. [9 Cal.Rptr. 607, 357 P.2d 839]. It was there pointed out, upon an analysis of several earlier decisions, that the prohibition of the statute against double punishment applies not only where 'one "act" in the ordinary sense' is involved but also where there is a 'course of conduct' which violates more than one statute and comprises an indivisible transaction punishable under more than one statute within the meaning of section 654; that the divisibility of a course of conduct depends upon the intent and objective of the defendant; and that if all the offenses are incident to one objective, the defendant may be punished for any one of them but not for more than one."

 The difficulty in applying the reasoning of the *Neal* case to the present case arises from the fact that there was no trial on the issue of guilt with respect to either of the offenses stated in the first two counts of the information because the defendant pleaded guilty to them. By so pleading without reserving or attempting to reserve in any manner the question whether the use of the check and the obtaining of the merchandise constituted an indivisible transaction so as to prevent separate punishment for each under section 654 of the Penal Code, the defendant, at least prima facie, admitted that the crimes were separate and not

---

[1]While it is stated in the notice of appeal that the appeal is also from "the order denying probation," the governing law is as stated in *People* v. *Walters,* 190 Cal.App.2d 98 [11 Cal.Rptr. 597], at page 102: "Since an order denying probation is not an order specified in section 1237 of the Penal Code from which an appeal may be taken, and is an order before judgment, the order is reviewable on appeal from the judgment and any attempted appeal from the order must be dismissed."

indivisible. (*Seiterle* v. *Superior Court*, 57 Cal.2d 397, 400-401 [20 Cal.Rptr. 1, 369 P.2d 697].) ██ However, if matter is before the trial court which suggests the probability that the several offenses constituted a course of conduct comprising an indivisible transaction, that court must pursue the matter further so that the question so raised may be resolved in harmony with the provisions of section 654 of the Penal Code and the reasoning of the *Neal* case.

Section 1203 of the Penal Code is in part as follows: ''. . . in every felony case in which the defendant is eligible for probation, before any judgment is pronounced, and whether or not an application for probation has been made, the court must immediately refer the matter to the probation officer to investigate and to report to the court, at a specified time, upon the circumstances surrounding the crime and concerning the defendant and his prior record, which may be taken into consideration either in aggravation or mitigation of punishment. The probation officer must thereupon make an investigation of the circumstances surrounding the crime . . . [and] must make a written report to the court of the facts found upon such investigation . . . At the time or times fixed by the court, the court must hear and determine such application, if one has been made, or in any case the suitability of probation in the particular case, and in connection therewith must consider any report of the probation officer, and must make a statement that it has considered such report which must be filed with the clerk of the court as a record in the case. . . .'' Such a report was made in the present case. It has been brought before this court as part of the record on appeal on the court's own motion. (See Cal. Rules of Court, rule 12(a).*) The record shows that the trial judge read and considered the report before he pronounced judgment.

██ In the report of the probation officer a summary of the Steen transaction was set forth. It was there stated that on April 20, 1961, the defendant telephoned Mr. Steen, the owner of a television shop, with respect to the purchase of a television set. He gave Mr. Steen credit references, stating that his name was Jerome Hoffman. Later in the day the defendant came to Mr. Steen's store and presented a check for the sum of $35 as down payment on the set. He said that he had received the check a few days earlier from the maker

---

*Formerly Rules on Appeal, rule 12(a).

thereof. The set was then delivered to the defendant, it being placed in his automobile.

It is probable that if, in the light of the probation report, the court had made inquiry of counsel for the prosecution and for the defense prior to the imposition of sentence, the question of the applicability of the provisions of section 654 of the Penal Code would have been quickly resolved. That would have been the preferable course. ▮ But, in any event, in reviewing the present record it must be presumed that the probation officer fully and fairly performed the duty imposed upon him by section 1203 of the Penal Code. (See *People* v. *Wilson,* 123 Cal.App.2d 673, 674 [267 P.2d 27].)

▮ His summary of the circumstances surrounding the offenses to which the defendant pleaded guilty is, as a matter of law, susceptible of only one inference, namely, that the use of the check and the taking of possession of the television set were parts of a continuous course of conduct and were motivated by one objective, the theft of the set, the use of the check being incident to and a means of perpetrating the theft. (Cf. *People* v. *McFarland, supra,* 58 Cal.2d 748, 762.) Consequently, the defendant can be punished for one of the offenses but not for both.

▮ The appropriate procedure is to eliminate the effect of the judgment as to the lesser offense insofar as the penalty alone is concerned. (*People* v. *McFarland, supra,* 58 Cal. 2d 748, 763; see *People* v. *Brown,* 200 Cal.App.2d 111, 118 [19 Cal.Rptr. 36].) Of the two offenses involved here, forgery is the one subject to the greater punishment. (Pen. Code, §§ 473, 489.) Accordingly, it is necessary to reverse the judgment insofar as it relates to punishment for grand theft.

The attempted appeal from the order denying probation is dismissed. The judgment is reversed insofar as it imposes a sentence for grand theft, and in all other respects it is affirmed.

Shinn, P. J., and Files, J., concurred.