Filed 10/9/19 (unmodified opinion attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>DIALLO MALIK HALL,<br><br>   Defendant and Appellant. | 2d Crim. No. B292330<br>(Super. Ct. No. PA022157)<br>(Los Angeles County)<br><br>ORDER MODIFIYING OPINION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on September 10, 2019, be modified as follows:

1. On pages 3-4, delete footnote 2 in its entirety.

2. On page 10, last paragraph, delete the sentence: "There is no evidence that in 1996 appellant disputed the accuracy of the one-pound figure."

There is no change in judgment.

_____

YEGAN, J.         GILBERT, P. J.        PERREN, J.

Filed 9/10/19 (unmodified opinion)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DIALLO MALIK HALL,<br><br>    Defendant and Appellant. | 2d Crim. No. B292330<br>(Super. Ct. No. PA022157)<br>(Los Angeles County) |

Proposition 64 reduces or eliminates penalties for marijuana offenses. We hold that reliable hearsay evidence in arrest and probation reports is admissible to prove ineligibility for Proposition 64 relief.

Diallo Malik Hall appeals from an order denying his application to have his 1996 felony transportation of marijuana conviction dismissed or redesignated as an infraction pursuant to Proposition 64. Appellant argues that, in determining his eligibility for the requested relief, the trial court erroneously considered inadmissible hearsay evidence in arrest and probation reports. We disagree and affirm.

*Factual and Procedural Background*

In 1996 appellant pleaded nolo contendere to a violation of former Health and Safety Code section 11360, subdivision (a), as charged in a felony complaint.[1]  The complaint alleged that he had committed "the crime of sale or transportation of marijuana." In 1996 the crime was a "straight felony" punishable "by imprisonment in the state prison for a period of two, three or four years."  (Former § 11360, subd. (a); Stats. 1983, ch. 223, § 3, p. 1464.)

In denying the requested Proposition 64 relief, the trial court considered the change of plea transcript.  The court stated: "[H]e did enter his plea on page 10 [of the transcript] to the crime of sale *and* transportation of marijuana.  So that was in the conjunctive."  (Italics added.)  Appellant stipulated that there was "a factual basis" for the plea.  But the stipulation did not refer to "any particular document" such as an arrest or probation report.

In 2018 appellant filed an application for relief pursuant to Proposition 64.  He sought to dismiss the felony conviction or, in the alternative, redesignate it as an infraction.  The trial court denied the application but redesignated the felony conviction as a misdemeanor.  It found "sufficient basis to believe" that appellant had transported the marijuana "for sale."

In determining that appellant was ineligible for the requested relief, the trial court considered his arrest and probation reports, which were prepared in 1996.  The prosecutor said that the deputy sheriffs who had arrested appellant "are not

---

[1] Unless otherwise stated, all statutory references are to the Health and Safety Code.

available." Appellant objected that the reports "constitute inadmissible hearsay." The trial court overruled the objection and admitted both documents because they contained reliable information.

The arrest report says that Los Angeles County Deputy Sheriffs Peacock and Sutton stopped a vehicle that appellant was driving. In the vehicle's ashtray, they found two partially smoked marijuana cigarettes. "Upon opening the trunk of the vehicle, [they] immediately smelled the strong odor of marijuana." Inside the trunk, they found a backpack that contained "a large amount of a green leafy substance, resembling 'marijuana.'" The amount was "far greater than that normally possessed for personal use." The backpack also contained "eighteen small 'zip-lock' baggies, commonly used for packaging narcotics[,] . . . and a small hand held scale, commonly used for weighing narcotics." The arrest report does not state the weight of the marijuana in the backpack. The deputies formed the opinion that appellant was in "possession of marijuana for sale" and arrested him for that offense.

According to the probation report, its "source[] of information" is the "D.A. Packet." The report says that the marijuana in the backpack weighed "approximately one pound."[2]

<hr>

[2] The probation report here is a presentence report. At oral argument appellant's counsel insisted that appellant had entered his nolo plea and had been sentenced on the same day, so that the subsequent preparation of the probation report was an idle act. Counsel is mistaken. The probation report shows that the parties negotiated a "*proposed* plea agreement," which was "365 days county jail, probation." (Italics added.) The plea was entered on April 16, 1996, and the next "hearing date," i.e., the date of sentencing, was May 23, 1996. The probation report was

In denying appellant's application, the trial court stated: "I don't know where that one pound of marijuana came from. That's an issue that I would have a question about. And what is in the police report as a large amount is described in the probation report as approximately one pound." "Bottom line, it appears that there was a large amount [of marijuana], more than someone would use for personal use. [¶] On the flip side, there is no stipulation that attaches [appellant] to these particular police reports or probation reports. That was not in the record of the plea. But I'm going to rely upon this information because it's simple and straightforward and it's contained both in the police report and in the probation report. Yes, the probation report is prepared by a person with official duties to prepare these reports for sentencing purposes and make sentencing recommendations based upon the particulars of each case, and I don't see any significant inconsistencies in the probation report and police report that would cause me to find that I would not rely upon [the probation report]." "I believe that the basic crux of the information in these reports that go to the quantity [of the marijuana] are reliable enough for me to use it to make this determination."

*Former Section 11360*

In 1996 section 11360, subdivision (a) made it a felony to transport "any" marijuana.[3] But section 11360, subdivision (b)

---

filed on May 16, 1996, seven days before the hearing date. The report stated, "Reluctantly, probation officer will concur with the plea agreement . . . ."

[3] The 1996 version of section 11360, subdivision (a) provided: "Except as otherwise provided by this section or as authorized by law, every person who transports, imports into this

4

provided that the transport of "not more than 28.5 grams of marijuana" was a misdemeanor punishable "by a fine of not more than . . . ($100)." Since appellant pleaded nolo contendere to a felony violation of section 11360, subdivision (a), we presume that he transported more than 28.5 grams of marijuana.

*Present Sections 11360, 11361.8, and 11362.1*

Proposition 64, an initiative measure known as "the Control, Regulate and Tax Adult Use of Marijuana Act," amended section 11360 and added new sections 11361.8 and 11362.1. (Stats. 2017, ch. 27 § 129.) As amended, present section 11360, subdivision (a)(2) provides that every person 18 years of age or older who transports "any cannabis [also known as marijuana] shall be punished" by "imprisonment in a county jail for a period of not more than six months or by a fine . . . ." This punishment renders the offense a misdemeanor. (See Pen. Code, § 17, subd. (a).) Pursuant to present section 11360, subdivision (b), every person who transports "not more than 28.5 grams of cannabis . . . is guilty of an infraction and shall be punished by a fine of not more than" $100.

For purposes of present section 11360, "'transport' means to transport for sale." (§ 11360, subd. (c).) Thus, present section 11360 does not criminalize the transport of marijuana for purposes other than sale, such as personal use. The 1996 version of section 11360 criminalized the transport of any marijuana regardless of whether it was transported for sale.

---

state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport *any marijuana* shall be punished by imprisonment in the state prison for a period of two, three or four years." (Italics added.)

5

New section 11362.1, subdivision (a) provides, "[I]t shall be lawful . . . for persons 21 years of age or older to: (1) Possess, process, transport, purchase, obtain, or give away to persons 21 years of age or older without any compensation whatsoever, not more than 28.5 grams of cannabis . . . ." In 1996 appellant was more than 21 years old.

New section 11361.8, subdivisions (e) and (f) provide: "(e) A person who has completed his or her sentence for a conviction under Section[] . . . 11360 . . . who would not have been guilty of an offense or who would have been guilty of a lesser offense under . . . [Proposition 64] had that act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the conviction dismissed and sealed because the prior conviction is now legally invalid or redesignated as a misdemeanor or infraction in accordance with Sections . . . 11360 [and] 11362.1 . . . as those sections have been amended or added by that act. [¶] (f) The court shall presume the petitioner satisfies the criteria in subdivision (e) unless the party opposing the application proves by clear and convincing evidence that the petitioner does not satisfy the criteria in subdivision (e). Once the applicant satisfies the criteria in subdivision (e), the court shall redesignate the conviction as a misdemeanor or infraction or dismiss and seal the conviction as legally invalid as now established under the Control, Regulate and Tax Adult Use of Marijuana Act."

*Admissibility of Hearsay Evidence in*
*Arrest and Probation Reports*

Appellant contends that, in determining he was ineligible for the requested relief, the trial court erroneously considered

6

"unsworn hearsay in a police and probation report."  Appellant further claims that "[t]he prosecutor presented no other evidence establishing [his] ineligibility for dismissal."  He argues, "Proposition 64 did not authorize courts to disregard the rules of evidence, including those barring the use of hearsay, at a Proposition 64 dismissal hearing."  The hearsay rule is set forth in Evidence Code section 1200, which provides:  "(a) 'Hearsay evidence' is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated.  [¶]  (b) Except as provided by law, hearsay evidence is inadmissible."

Appellant's theory turns on the meaning of "evidence" in the phrase "proves by clear and convincing evidence" of section 11361.8, subdivision (f) (section 11361.8(f)).  "'Where [as here] an appeal involves the interpretation of a statute enacted as part of a voter initiative, the issue on appeal is a legal one, which we review de novo. . . .' [Citation.]" (*People v. Sledge* (2017) 7 Cal.App.5th 1089, 1095 (*Sledge*).)

"'In interpreting a voter initiative . . . , we apply the same principles that govern statutory construction.  [Citation.]  Thus, [1] "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.]  [2] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent].  [Citation.]  [3] When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.]  [¶]  In other words, our 'task is simply to interpret and apply the initiative's language so as to effectuate the electorate's intent.' [Citation.]" (*Robert L. v.*

7

*Superior Court* (2003) 30 Cal.4th 894, 900-901, brackets in original except for bracketed citations.)  "The enacting body is deemed to be aware of existing laws and judicial constructions in effect at the time legislation is enacted.  [Citation.]  This principle applies to legislation enacted by initiative.  [Citation.]"  (*People v. Weidert* (1985) 39 Cal.3d 836, 844.)

Evidence Code section 140 defines "evidence" as "testimony, writings, material objects, or other things presented to the senses that are offered to prove the existence or nonexistence of a fact."  As used in section 11361.8(f), "evidence" is ambiguous because "[t]he statute does not . . . specify what evidence the court may consider."  (*People v. Banda* (2018) 26 Cal.App.5th 349, 355 (*Banda*).)  "[T]he enactment left open questions as to the nature of the proof required."  (*Id*. at p. 356.)  Section 11361.8(f) does not provide that evidence presented at an eligibility hearing under Proposition 64 must meet the admissibility standard of evidence presented at a criminal trial.

The hearsay rule does not apply in all evidentiary proceedings.  We cite two examples.  First, in *People v. Maki* (1985) 39 Cal.3d 707, 709, our Supreme Court "conclude[d] that documentary hearsay evidence which does not fall within an exception to the hearsay rule may be admitted [at probation revocation hearings] if there are sufficient indicia of reliability regarding the proffered material."

Second, in determining whether a convicted felon is eligible for resentencing to a misdemeanor under Proposition 47 (Pen. Code, § 1170.18), reliable hearsay statements in a probation report are admissible.  (*Sledge*, *supra*, 7 Cal.App.5th at pp. 1095, 1098.)  The structure of Proposition 47 is similar to Proposition 64.  "Proposition 47 . . . 'created a new resentencing provision:

8

[Penal Code] section 1170.18.  Under section 1170.18, a person "currently serving" a felony sentence for an offence that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. . . . [Citation.]' [Citations.]" (*People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 448.)

Probation Report

Since reliable hearsay statements in a probation report are admissible to show whether a petitioner is eligible for resentencing under Proposition 47 (*Sledge, supra*, 7 Cal.App.5th at pp. 1095, 1098), it logically follows that they are also admissible to show whether a petitioner is eligible for relief under Proposition 64.  The Court of Appeal in *Sledge* reasoned:  "An eligibility hearing is a type of sentencing proceeding.  Nothing in Proposition 47 suggests the applicable rules of evidence are any different than those which apply to other types of sentencing proceedings.  Accordingly, limited use of hearsay such as that found in probation reports is permitted, provided there is a substantial basis for believing the hearsay information is reliable. [Citations.]" (*Id.* at p. 1095.)  In *People v. Saelee* (2018) 28 Cal.App.5th 744, 756 (*Saelee*), the court applied similar reasoning to Proposition 64:  "Nothing in Proposition 64 suggests the applicable rules of evidence are any different than those which apply to other types of sentencing proceedings. (*Sledge, supra*, Cal.App.5th at p. 1095 [arriving at the same conclusion regarding Prop. 47] . . . ."  (Brackets in original.)

The Court of Appeal in *Sledge* said it agreed with the trial court's explanation for admitting the hearsay evidence in the probation report.  The trial court stated:  "'I don't think

9

a probation report has to meet the strict requirements of hearsay.' 'It's just a matter I think like a sentencing hearing. If it's reliable hearsay, it's admissible. And I think those statements [in the probation report] are sufficiently reliable hearsay to be admissible.'" (*Sledge, supra*, 7 Cal.App.5th at pp. 1096-1097; see *People v. Arbuckle* (1978) 22 Cal.3d 749, 754 (*Arbuckle*) ["A sentencing judge 'may, consistently with the Due Process Clause of the Fourteenth Amendment, consider responsible unsworn or "out-of-court" information relative to the circumstances of the crime and to the convicted person's life and characteristics'"]; *People v. Lamb* (1999) 76 Cal.App.4th 664, 683 ["Due process does not require that a criminal defendant be afforded the same evidentiary protections at sentencing proceedings as exist at trial"].)

On appeal, the test is whether the trial court abused its discretion in determining that the hearsay statements in the probation report are sufficiently reliable to be admissible. (See *People v. Bryant, Smith & Wheeler* (2014) 60 Cal.4th 335, 405 ["We review the trial court's evidentiary rulings for abuse of discretion"]; *United States v. Ngombwa* (8th Cir. 2018) 893 F.3d 546, 557 "'[W]hether hearsay evidence is sufficiently reliable to support a sentencing decision depends on the facts of the particular case, and is committed to the sound discretion of the district court'"].)

According to the probation report, the weight of the marijuana in the backpack was "approximately one pound." There is no evidence that in 1996 appellant disputed the accuracy of the one-pound figure. The trial court did not abuse its discretion in determining that, although it did not "know where that one pound of marijuana came from," the probation report's

10

statement as to the weight was reliable.  The probation officer did not pull the "one pound" figure out of thin air.  "[I]t must be presumed that the probation officer fully and fairly performed the duty imposed upon him by section 1203 of the Penal Code." (*People v. Rosenberg* (1963) 212 Cal.App.2d 773, 777; accord, *People v. Cardenas* (2015) 239 Cal.App.4th 220, 235.)  Penal Code section 1203, subdivision (b)(1) requires the probation officer "to investigate and report to the court . . . upon the circumstances surrounding the crime."  (See *Sledge, supra,* 7 Cal.App.5th at p. 1097 ["it is presumed the probation officers . . . regularly performed their official duties"]; *Banda, supra,* 26 Cal.App.5th at p. 359 ["the report was prepared by the probation officer, who we presume was performing his official duties]; *Arbuckle, supra,* 22 Cal.3d at p. 755 [diagnostic report prepared by Department of Corrections "has inherent reliability because it was made pursuant to a court order by expert, objective government personnel in pursuit of their official duties"]; Evid. Code, § 664 ["It is presumed that official duty has been regularly performed"].)

The trial court reasonably inferred that the probation officer had derived the weight of the marijuana from the report prepared by a criminalist at the sheriff's crime lab.  The criminalist's report must have been included in the "D.A. packet" on which the probation report was based.  The trial court noted, "[I]n [the] probation report there is . . . a summary of the facts that . . . presumably comes from the police report but also comes from things like chemist's reports . . . that are provided [to the probation officer]."

The criminalist had an official duty to accurately weigh and analyze the seized contraband.  Pursuant to the official duty

11

presumption (Evid. Code, § 664), the criminalist's report is presumed to be reliable.  (See *People v. Brown* (1989) 215 Cal.App.3d 452, 455 ["We have no reason to believe [that police chemist's] test results [showing that the confiscated substance contained .84 grams of cocaine] were anything but trustworthy and reliable"].)

The trial courts' ability to consider reliable hearsay in probation reports is necessary to assure the fair and efficient implementation of Proposition 64.  In many cases the probation report will be the only document in the court file setting forth the facts underlying the marijuana offense to which the Proposition 64 petitioner pleaded guilty.  If reliable hearsay information in the probation report were inadmissible, the People would have to subpoena the law enforcement personnel who had provided the information to the probation officer.  Because of the passage of time, the personnel may not be available or even identifiable, such as the unnamed criminalist who in 1996 analyzed and weighed the marijuana in the present case.

Even if law enforcement personnel are identifiable and available, requiring them to come to court to testify would defeat an important purpose of Proposition 64.  Section 3(w) of Proposition 64 provides, "It is the intent of the people in enacting this act to . . . [p]reserve scarce law enforcement resources to prevent and prosecute violent crime."  (Voter Information Guide, Gen. Elec. (Nov. 8, 2016) text of Prop. 64, § 3(w), pp. 179-180.) The electorate could reasonably expect that thousands of persons convicted of marijuana offenses would take advantage of Proposition 64 to seek the dismissal or redesignation of their convictions.  The ballot pamphlet argument in favor of Proposition 64 observes:  "Every year, there are more than 8,800

12

felony arrests for growing or selling marijuana in California, resulting in some very long prison sentences.  This is an enormous waste of law enforcement resources." (*Id.* at p. 98.)  If law enforcement personnel were required to testify in court to prove ineligibility for relief under Proposition 64, their ability "to prevent and prosecute violent crime" would be impeded.  (*Id.* at p. 180.)  The result would be "an enormous waste of law enforcement resources." (*Id.* at p. 98.)  Thus, to effectuate the electorate's intent, reliable hearsay statements in probation reports, such as the one here about the quantity of the marijuana, should be admissible.

*Banda, supra*, 26 Cal.App.5th 349, is distinguishable and does not compel reversal.  There, before the passage of Proposition 64, Banda pleaded guilty to the cultivation of marijuana, a felony.  After the passage of Proposition 64, he petitioned to dismiss the case or redesignate the conviction as a misdemeanor.  Based solely on the probation report, the People argued against a dismissal.  Unlike the present case, the People in *Banda* did not rely on both the arrest and probation reports.  The *Banda* trial court refused to dismiss the case.  It redesignated the conviction as a misdemeanor.

The appellate court reversed.  It observed, "The People correctly assert that the petition in a Proposition 64 case . . . bears the hallmarks of a resentencing proceeding.  In such cases, trial courts may consider hearsay if that hearsay is reliable. [Citations.]" (*Banda, supra*, 26 Cal.App.5th at p. 357.)  But "[t]he trial court made no finding that the probation report was reliable" and "may not have believed the probation report was sufficient." (*Id.* at p. 358, fn. omitted.)  Here, in contrast, the trial court found that the probation and arrest reports were reliable.

13

In *Banda* the appellate court concluded that the trial court would have abused its discretion had it found the probation report reliable because "[n]othing on the face of the report demonstrated that the hearsay it contained was reliable." (*Banda, supra*, 26 Cal.App.5th at p. 358.)  Here, in contrast, the probation officer presumably obtained information about the weight of the marijuana from a reliable source - a criminalist employed by the sheriff's crime lab.  Moreover, the one-pound figure for the marijuana, rather than a lesser weight, is supported by the arresting deputies' statement that they found "a large amount" of marijuana.

*Banda* is also distinguishable because there the appellate court, "having had the opportunity to review the police report, [found] that there are factual inconsistencies related to Banda between that document and the probation report, which further calls into question the reliability of the probation report." (*Banda, supra*, 26 Cal.App.5th at p. 358, fn. 11.)  Here, there are no such factual inconsistencies.  The trial court stated, "I don't see any significant inconsistencies in the probation report and police report that would cause me to find that I would not rely upon [the probation report]."

Appellant claims that the California Supreme Court "made clear [that] a trial court must not rely on hearsay in a probation report to establish contested facts regarding the defendant's former conduct."  In support of his claim, appellant cites *People v. Reed* (1996) 13 Cal.4th 217 (*Reed*), and *People v. Trujillo* (2006) 40 Cal.4th 165 (*Trujillo*).  Neither case supports appellant's claim.

In *Reed* the defendant was charged with several felony offenses.  The information alleged that he had been previously

convicted of two prior serious felonies, one of which was assault with a deadly weapon (ADW). If true, each prior serious felony allegation would result in a five-year sentence enhancement. To prove that the ADW was a serious felony, the trial court admitted an excerpt from the probation report stating that the defendant "reportedly" had struck the victim on the head with a "large heavy wooden cane." (*Reed*, *supra*, 13 Cal.4th at p. 221.) The Supreme Court held that the probation report's narration of the defendant's "reported" actions was inadmissible "because it contains hearsay that has not been shown to be within any exception to the hearsay rule (Evid.Code, § 1200)." (*Id*. at p. 220.)

*Reed* is distinguishable. There, the strict application of the hearsay rule was required because the defendant was being tried on an allegation of a serious felony sentence enhancement. Appellant, on the other hand, was not being tried on any charge or allegation. He was seeking to dismiss or redesignate his felony conviction because of a postconviction act of lenity by the electorate. (See *Sledge*, *supra*, 7 Cal.App.5th at p. 1097 [unlike *Reed*, "the eligibility hearing in this case was not a trial on a prior conviction allegation for sentence enhancement purposes. Defendant . . . was petitioning under Proposition 47 for '"an act of lenity"'"].)

In *Trujillo* the court noted that "'the relevant inquiry in deciding whether a particular prior conviction qualifies as a serious felony for California sentencing purposes is limited to an examination of the record of the prior criminal proceeding . . . .'" (*Trujillo*, *supra*, 40 Cal.4th at p. 179.) The court "conclude[d] that a defendant's statements, made after a defendant's plea of guilty has been accepted, that appear in a probation officer's report prepared after the guilty plea has been accepted are not

15

part of the record of the prior conviction, because such statements do not 'reflect[ ] the facts of the offense for which the defendant was convicted.' [Citation.]" (*Ibid.*) Therefore, such statements cannot be used to show that a prior conviction qualifies as a serious or violent felony within the meaning of California's Three Strikes law. (*Id.* at pp. 179-181.)

*Trujillo* is also distinguishable. Unlike *Trujillo*, here the trial court was not limited to an examination of the record of the prior criminal proceeding. (See *Reed*, *supra*, 13 Cal.4th at p. 189 [In determining whether a prior conviction qualifies as a serious felony for sentencing purposes, "the trier of fact may look to the entire record of conviction '*but no further*'"].) Moreover, here the weight of the marijuana does "'reflect[ ] the facts of the offense for which [appellant] was convicted.'" (*Trujillo*, *supra*, 40 Cal.4th at p. 179.) Finally, unlike the defendant in *Trujillo*, appellant was not on trial for "an allegation that [he] had suffered a prior conviction for a violent felony within the meaning of the 'Three Strikes' law . . . ." (*Id.* at p. 169.)

### Arrest Report

We presume that the electorate understood that arrest reports would be admissible to the extent they fall within the official records exception to the hearsay rule. This exception is incorporated in Evidence Code section 1280, which provides: "Evidence of a writing made as a record of an act, condition, or event is not made inadmissible by the hearsay rule when offered in any civil or criminal proceeding to prove the act, condition, or event if all of the following applies: [¶] (a) The writing was made by and within the scope of duty of a public employee. [¶] (b) The writing was made at or near the time of the act, condition, or

16

event.  [¶]  (c) The sources of information and method and time of preparation were such as to indicate its trustworthiness."

Here, the arrest report's factual statements satisfy the requirements of the official records exception to the hearsay rule. Appellant was arrested on February 17, 1996 at 2:30 a.m.  The report was approved at 6:00 a.m. on the same date.  It was prepared by and within the scope of duty of the arresting deputies.  The facts stated in the report were based on their personal observations.  "Assuming satisfaction of the exception's other requirements, '[t]he trustworthiness requirement . . . is established by a showing that the written report is based upon the observations of public employees who have a *duty* [as the arresting deputies had] to observe the facts and report and record them correctly.'  [Citation.]" (*Gananian v. Zolin* (1995) 33 Cal.App.4th 634, 640; see *Lake v. Reed* (1997) 16 Cal.4th 448.)

"Moreover, '. . . the statutory presumption of duty regularly performed (Evid.Code, § 664) shifts the foundational, method-of-preparation burden in this situation.  The [party opposing admission] therefore must show that the officer *failed in his duty* to observe and correctly report the events described. [Citation.]'  [Citations.]  Thus, if [appellant] opposed admission of the arrest report into evidence, he had the burden to show that [the deputy sheriffs] failed in [their] duty to observe and report correctly the event described.  [Appellant] made no such showing. Indeed, [appellant] 'did not even attempt to controvert the presumptive accuracy of this official report.'  [Citation.]" (*Jackson v. Dept. of Motor Vehicles* (1994) 22 Cal.App.4th 730, 739.)

"[U]nlike the business records exception [Evid. Code, § 1271], which 'requires a witness to testify as to the identity of

17

the record and its mode of preparation in every instance,' Evidence Code section 1280 'permits the court to admit an official record or report without necessarily requiring a witness to testify as to its identity and mode of preparation if the court takes judicial notice or if sufficient independent evidence shows that the record or report was prepared in such a manner as to assure its trustworthiness.' [Citation.]" (*People v. Martinez* (2000) 22 Cal.4th 106, 129.) Thus, the trial court properly admitted the factual statements in the arrest report. (See *Rupf v. Yan* (2000) 85 Cal.App.4th 411, 430, fn. 6 ["a police officer's report is admissible under Evidence Code section 1280 if it is based upon the observations of a public employee who had a duty to observe facts and report and record them correctly"]; *Coe v. City of San Diego* (2016) 3 Cal.App.5th 772, 786-788 [police reports admissible under official records exception].)

Appellant asserts, "In [*People v.*] *Sanchez* [(2016) 63 Cal.4th 665], the [California] Supreme Court held that police reports are not admissible under the [official] record hearsay exception." The court did not so hold. It held that an expert's opinion testimony concerning defendant's gang membership was inadmissible in a criminal trial because the expert had relied on testimonial hearsay in police reports. (*People v. Sanchez, supra,* at pp. 694-695.) The holding was based on *Crawford v. Washington* (2004) 541 U.S. 36 (*Crawford*), in which "the United States Supreme Court held . . . that the admission of testimonial hearsay against a criminal defendant violates the Sixth Amendment right to confront and cross-examine witnesses." (*People v. Sanchez, supra,* at p. 670.)

Appellant cites no authority suggesting that *Crawford* applies to a proceeding in which a convicted felon is seeking to

dismiss or redesignate his felony conviction because of the electorate's post-conviction act of lenity, e.g., Proposition 64. In *Crawford* the United States Supreme Court observed: "The Sixth Amendment's Confrontation Clause provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.' We have held that this bedrock procedural guarantee applies to both federal and state prosecutions. [Citations.]" (*Crawford*, *supra*, 541 U.S. at p. 42.) Appellant's Proposition 64 application to dismiss or redesignate his 1996 felony marijuana conviction is not a criminal prosecution.

Pursuant to the official records exception to the hearsay rule, the arrest report was admissible only to the extent it reported "an act, condition, or event" observed by the arresting deputies. (Evid. Code, § 1280.) Such an act or event includes the deputies' discovery of "a large amount" of marijuana in the backpack together with "eighteen small 'zip-lock' baggies . . . and a small hand held scale." But the arrest report also includes the following opinions or conclusions of the deputies: the amount of marijuana was "far greater than that normally possessed for personal use," the zip-lock baggies were "commonly used for packaging narcotics," and the scale was "commonly used for weighing narcotics." The official records exception does not allow the admission of opinions or conclusions. In construing the similar business records exception to the hearsay rule (Evid. Code, § 1271), our Supreme Court stated: "The psychiatrist's opinion that the victim suffered from a sexual psychopathology was merely an opinion, not an act, condition or event within the meaning of the statute." (*People v. Reyes* (1974) 12 Cal.3d 486,

19

503; see also *Hutton v. Brookside Hospital* (1963) 213 Cal.App.2d 350, 355.)

Although the deputies' conclusion concerning the significance of the scale and baggies is not admissible under the official records exception to the hearsay rule, the trial court did not abuse its discretion in admitting the conclusion based on its reliability. (See *Sledge*, *supra*, 7 Cal.App.5th at p. 1095 ["limited use of hearsay such as that found in probation reports is permitted, provided there is a substantial basis for believing the hearsay information is reliable"]; *Banda*, *supra*, 26 Cal.App.5th at p. 357 ["the petition in a Proposition 64 case . . . bears the hallmarks of a resentencing proceeding. In such cases, trial courts may consider hearsay if that hearsay is reliable"].) It is well known that plastic baggies and scales are "tools of the trade" for drug dealers. (*United States v. Carrasco* (9th Cir. 2001) 257 F.3d 1045, 1048 ["the pink baggies and the scale with drug residue found in Carrasco's vehicle are by themselves indicative of drug trafficking. Plastic baggies and scales are well-known tools for the packaging and sale of drugs"]; *United States v. Savinovich* (9th Cir.1988) 845 F.2d 834, 837 ["Because scales constitute one of the tools of the drug trade, they are probative of intent to distribute"]; *United States v. Payne* (D.C. Cir. 1986) 805 F.2d 1062, 1065 ["the prosecution also offered into evidence paraphernalia frequently associated with marijuana dealers, namely, scales and zip-lock bags, to further demonstrate the requisite intent [to distribute marijuana"]; *Commonwealth v. Cruz* (2011) 459 Mass. 459, 469, fn. 15 ["the officers did not see a scale, plastic baggies, or any other drug paraphernalia traditionally associated with the sale of marijuana"].)

20

The remaining issue is the admissibility of the deputies' conclusion that the amount of marijuana was "far greater than that normally possessed for personal use." The arrest report does not provide any information as to the deputies' training and experience in distinguishing between marijuana possessed for personal use and marijuana possessed for sale. "In cases involving possession of marijuana . . . , *experienced* officers may give their opinion that the narcotics are held for purposes of sale based upon such matters as the quantity, packaging and normal use of an individual . . . ." (*People v. Newman* (1971) 5 Cal.3d 48, 53, italics added, disapproved on another ground in *People v. Daniels* (1975) 14 Cal.3d 857, 862.)

Nevertheless, under the particular facts of this case, the trial court did not abuse its discretion in determining that the deputies' conclusion was admissible based on its reliability. (*Sledge, supra,* 7 Cal.App.5th at p. 1095; *Banda, supra,* 26 Cal.App.5th at p. 357.) The probation report shows that the marijuana weighed approximately one pound, which is equal to 16 ounces. The People note that, in the Voter Information Guide for Proposition 64, the Legislative Analyst stated that one ounce of marijuana is "the equivalent of roughly 40 marijuana cigarettes, also known as 'joints.'" (Voter Information Guide, Gen. Elec., *supra,* analysis by Leg. Analyst, p. 90.) In his reply brief, appellant accepts the Legislative Analyst's statement of equivalency. Appellant asserts, "As [the People] point[] out, under the current statute, an individual may [lawfully] possess enough marijuana to create *forty* joints at a time - an amount 'far greater than a person would possess for personal use' in a single day or week, but an amount nonetheless well within the boundaries of the law." (See § 11362.1, subd. (a) [lawful for

21

persons 21 years of age or older to possess "not more than 28.5 grams [approximately one ounce] of cannabis"].)  Thus, one pound (16 ounces) of marijuana is the equivalent of roughly 640 joints, far more than what is normally needed for personal use.  (See *Commonwealth v. Madera* (2010) 76 Mass.App.Ct. 154, 159 ["The combined amounts of marijuana, almost one pound, indicated that the defendant intended to distribute it and that it was not simply for personal use"]; *United States v. Massey* (6th Cir. 2018) 758 Fed.Appx. 455, 461 ["the quantity of marijuana that Massey possessed [98.3 grams, approximately 3.47 ounces] strongly indicates an intent to distribute"].)[4]

> *Section 11361.8(b) and Penal Code Section1170.18 Do*
> *Not Support the Exclusion of Reliable Hearsay Evidence*

Finally, appellant contends that language concerning proof of dangerousness in section 11361.8, subdivision (b) (section 11361.8(b)) and Penal Code section 1170.18 (section 1170.18) shows that the electorate intended that reliable hearsay evidence

---

[4] In his reply brief, appellant claims for the first time that the hearsay statements in the arrest report are insufficient to prove by clear and convincing evidence that he does not satisfy the statutory criteria for dismissal of his felony conviction.  The claim is forfeited because appellant did not raise it in his opening brief.  (*People v. Clayburg* (2012) 211 Cal.App.4th 86, 93.)  On the merits, there is nothing "unclear" or "unconvincing" about the hearsay evidence in the police and probation reports.  Inside the backpack in the trunk, the deputies found a "large amount" (approximately one pound) of marijuana, "eighteen small 'zip-lock' baggies, commonly used for packaging narcotics[,] . . . and a small hand held scale, commonly used for weighing narcotics."  This constitutes substantial evidence from which a reasonable trier of fact could find by clear and convincing evidence that appellant was transporting the marijuana for sale.

in arrest and probation reports be excluded in determining eligibility for relief under Proposition 64. Section 11361.8(b) applies to a person who, unlike appellant, is currently serving his sentence. Such a person "may petition for a recall or dismissal of sentence." (§ 11361.8, subd. (a).) If the person meets the eligibility criteria, "the court shall grant the petition to recall the sentence or dismiss the sentence because it is legally invalid unless the court determines that granting the petition would pose an unreasonable risk of danger to public safety." (§ 11361.8(b).) "In exercising its discretion, the court may consider, but shall not be limited to evidence provided for in subdivision (b) of Section 1170.18 of the Penal Code." (§ 11361.8(b)(1).) Section 1170.18, subdivision (b) provides: "In exercising its discretion, the court may consider all of the following: [¶] (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes. [¶] (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated. [¶] (3) *Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety*." (Italics added.)

Appellant argues that the above italicized language of section 1170.18, subdivision (b)(3), together with section 11361.8(b), "authorizes the use of hearsay in one instance," i.e., to prove dangerousness of a person who is currently serving his sentence; therefore, the use of hearsay is not impliedly authorized in another instance, i.e., to prove ineligibility under section 11361.8, subdivision (e) of a person who, like appellant, has completed his sentence. Appellant is invoking the following rule

23

of statutory construction: "[T]he existence of specific exceptions [e.g., the exception for hearsay evidence allegedly created by section 11361.8(b) and section 1170.18] does not imply that others exist. The proper rule of statutory construction is that the statement of limited exceptions excludes others, and therefore the judiciary has no power to add additional exceptions; the enumeration of specific exceptions precludes implying others. [Citation.]" (*Parmett v. Superior Court* (1989) 212 Cal.App.3d 1261, 1266.)

This rule of statutory construction is inapplicable here because section 11361.8(b) and section 1170.18 do not create an exception for the admission of hearsay evidence. Neither section refers to hearsay evidence or the hearsay rule. "Proposition 64 does not define [what] constitutes 'evidence' for purposes of determining whether a defendant poses an unreasonable risk of danger to public safety (§ 11361.8, subd. (b)(1)) . . . . Nothing in Proposition 64 suggests the applicable rules of evidence are any different than those which apply to other types of sentencing proceedings. [Citations.]" (*Saelee, supra,* 28 Cal.App.5th at p. 756.)

### Disposition

The order redesignating appellant's felony marijuana conviction as a misdemeanor and denying his application to dismiss it or redesignate it as an infraction is affirmed.

CERTIFIED FOR PUBLICATION.

YEGAN, J.

We concur:

GILBERT, P. J.                    PERREN, J.

24

Daniel B. Feldstern, Judge

Superior Court County of Los Angeles

_____

Ricardo D. Garcia, Public Defender, Albert J. Menaster, Robert Krauss and Nick Stewart-Oaten, Deputy Public Defenders, under appointment by the Court of Appeal for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Blythe J. Leszkay, Michael Katz, Deputy Attorneys General, for Plaintiff and Respondent.